Franklin O. Day et al.

*vs.*

John C. Raguet et al.

Two stipulations precisely alike, except that one embraced the names of some witnesses not in the first, were entered into by the parties in the action, by which they waived "any and all notices and pre-requisite forms required by law or rule of Court for the taking of depositions;" the depositions were all taken before the same officer, and with the interrogatories and cross-interrogatories were annexed to the stipulation under which they were taken, and all attached together, forming one package, at the end of which was the return of the officer, which was the only return to the stipulations.  *Held :*—That a single return is sufficient, if it appears therefrom that the depositions were taken in pursuance of the stipulations, and upon the interrogatories and cross-interrogatories to which they are attached, and that in other respects the terms of the stipulations are complied with.

Where an offer is made of testimony taken under a commission, part of which is admissible, and part not, the party objecting should, if it can be done, confine his objection to that which is inadmissible.

Facts which are insufficient to authorize a court of equity to reform a written instrument, cannot be proved in defense of an action based upon such instrument, whether pleaded or not; and facts sufficient for such purpose, if admissible at all, cannot be proved unless pleaded.

The appellant, upon a bill of exceptions must show affirmatively the existence of error, before he can claim the benefit of it.

Where an action is brought for the price of goods sold and delivered, and the defendants in the answer set up an express contract, warranty and representations as to the quality of the goods, and allege a breach thereof by the plaintiff, it is not error for the court to charge, "That, under the pleadings, the defendants are bound to establish either an express warranty or fraud, or contract as to quality in reference to the dif-

ferent sales, before they will be entitled to any deduction by way of re-coupment, or counter claim."

To constitute a sale by sample, it must appear that the parties con-tracted solely in reference to the sample or article exhibited, and that both mutually understood they were dealing with the sample with an understanding that the bulk was like it.

An answer which alleges that by the agreement of the parties certain whisky sold by the plaintiffs to the defendants, was to be five per cent. better than a sample of whisky shown to and examined by said parties at the time the agreement was made, and should be only five-below proof, and of as good quality in all other respects as said sample, which was of first quality in all other respects, does not allege a sale by sample, and it was not error for the court so to charge; and if that was the only at-tempt to plead a sale by sample, it was not error for the court to charge that the pleadings did not set-up a sale by sample; and instructions re-lating entirely to a sale by sample are not applicable in such case, and it is immaterial whether such instructions were right or wrong, if they were not calculated to mislead the jury, or otherwise prejudice the de-fendants.

When a case is brought up on a bill of exceptions, and it appears that an instruction was given to the jury which would be proper if certain evidence was given on the trial, but otherwise it would be erroneous, the party alleging error must show by his bill of exceptions that no such evidence was given.

Where the defendant pleaded a defense consisting of new matter, and all the allegations in the answer of a material character were put in issue, it was not error for the court to charge the jury, that "the burden of proof is on the defendants to prove their defense in all its par-ticulars."

The formal statement in a bill of exceptions that "evidence was intro-duced on the part of said plaintiffs and defendants for and against all the issues made by the pleadings in this cause," cannot prevail against the positive statement of the judge who presided at the trial, in his charge to the jury, that there was no evidence on a particular issue in-volved in the case.


This action was brought in the Court of Common Pleas for Ramsey county. The complaint sets up two causes of action. The first is based upon an acceptance by the defend-

ants dated July 22, 1867, for $1680.05 : and the second to recover the sum of $756.04, the agreed price for certain goods sold to defendants June 14, 1867.   The answer alleges, in substance, that the consideration of said acceptance was the sale of certain liquors by plaintiffs to defendants, made under a special contract with one A. T. Chamblin, as agent of the plaintiffs, and that such sale was by sample, and the liquor was to be of a certain specified .quality, and better than the sample shown to and tested by the parties at the time of making the contract.   That the goods mentioned in the second cause of action were subsequently purchased under a contract with one Langfield, as agent of plaintiffs, with similar stipulations as to quality, &c.   That the defendants purchased the liquor relying upon such representations and warranty, and that the liquor did not fulfil the contract, &c.   The defendants claim that they are entitled to certain deductions by way of recoupment.   Issue was joined upon the new matter alleged in the answer.

Upon the trial various exceptions were taken to the rulings of the Court upon the admission and rejection of evidence, which consisted principally of depositions taken under stipulations between the attorneys for the respective parties, which are sufficiently stated in the opinion of the Court. It appears that goods under the contract made with Chamblin as agent, were shipped at St. Louis (the residence of plaintiffs) for the defendants at St. Paul, on or about the 22d April, 1867; and that the goods under the contract made with Langfield as agent, were shipped on or about the 14th June, 1867.   It also appears from the evidence that "no complaint was made of the quality of the first lot of goods bought by defendants when they ordered the second lot, although they had then had them on hand for some time, and they never

made any complaint thereof until in their letter of October 2, 1867."

The plaintiffs requested the Court to charge the jury :

"*First.* That under the pleadings the defendants are bound to establish either an express warranty. or fraud or contract as to quality, in reference to the different sales before they will be entitled to any deduction by way of recoupment or counter claim.

*Fourth.* That sample means a small quantity taken from a larger quantity called the bulk, and upon a sale by sample, the vendor complies with his contract if the bulk substantially corresponds with the sample at the time of delivery.

*Fifth.* That upon a sale of whisky of a well known and designated brand and of a certain stated proof, all which is set forth in the order for the goods, the vendor complies with the contract if he fills the order and ships the goods properly put up, even though the goods sent are not identical in respect to taste, color, or smell with the alleged sample.

*Sixth.* That to entitle defendants to show a ratification of Chamblin's acts by plaintiffs in order to charge them with his acts or representations they must show that plaintiffs had full knowledge of such acts and representations.

*Tenth.* That the delay in making any examination as testified by the defendants is strong evidence that the goods conformed to the contract when received.

*Eleventh.* That the burden of proof is on the defendants to prove their defense in all its particulars."

The Court charged as requested, except that the " tenth" request was modified as follows : " That the delay in making any examination, as testified by defendants, is evidence tending to show that the goods conformed to the contract : " "And to said charge of said Court as to each request, and

every part of the same, said defendants excepted, and such exception was noted by the Court."

The defendants requested the Court to charge the jury :

" If the jury are satisfied from the evidence that the said first bill of whisky was sold by sample, then there was a warranty that the goods were like such sample."    The Court refused the request, and charged the jury as follows :

" I don't think under the pleading in this case that a sale by sample is set up.    It is not a sale by sample such as is known by the law; and there is no evidence of any ' outages ' in this case.    A sale by sample is where a large quantity of any article not easy to examine is sold by means of a small quantity taken therefrom, which is represented to be either expressly or by implication, a fair sample of the whole. Such is not the case here, but it by no means follows that the plaintiffs have not made a contract to furnish liquors like or equal to the liquor shown to the defendants, and if they have done so, or made representations by their agents respecting the grade and quality of such liquors, which were relied on by the defendants in making the purchase, such representations would amount to a warranty, and if the liquors did not fulfil the contract, the defendants may recoup, or set off the difference."

The defendants excepted to the refusal to charge as requested ; and to the charge as given "respecting sample and sale by sample, and outages, and every part of the same, said defendants then and there duly excepted and such exception was duly noted by the Court."    The jury found a verdict for the plaintiffs.    Defendants made a motion for a new trial, which was denied, and from the order denying the same they appeal to this Court.

Lampreys for Appellants.

E. C. PALMER for Respondents.

*By the Court.*—McMILLAN, J.—The objection of the defendants to the deposition of Charles F. Lachmund offered in evidence cannot be sustained. By the terms of the stipulations the parties "waive any and all notices and pre-requisite forms required by law or rule of Court for the taking of depositions." While we do not determine that this language dispenses entirely with a return, we think where the depositions under both stipulations are taken by the same officer, and attached together as they are in this instance, it dispenses with the necessity of a separate return to each stipulation, and renders a single certificate sufficient, if it appears therefrom that the depositions were taken in pursuance of the stipulations, and upon the interrogatories and cross-interrogatories to which they are attached, and that in other respects the terms of the stipulations were substantially complied with.

The deposition appears, from the caption, to be the testimony of Charles F. Lachmund, the witness named in the stipulation to which it is annexed, and that it was taken before the certifying officer in the manner stated in the certificate annexed to it. There is but one certificate annexed to the depositions, and that is made by the person named in the caption of the deposition as the officer before whom it was taken. In this certificate he states, that acting under and by virtue of the foregoing stipulation, the testimony of Charles F. Lachmund was taken before him under said stipulation, on the 28th of February, 1868, and again on the 2d day of March. It appears from the jurat of the deposition offered in evidence, that it was sworn to and subscribed on the 2d of March, 1868, and it does not appear that there was any other deposition of the witness

Lachmund taken on that day.   We think the certificate of the notary public describes the deposition of Lachmund taken on the 2d of March, 1868—which is the deposition offered in evidence—with sufficient accuracy, and identifies it as the deposition taken before that officer on that day ; and the reasonable conclusion it seems to us is, that the stipulation referred to in the certificate as the one under which the deposition was taken, is the stipulation to which the deposition is annexed, and under which the caption states it was taken.

The facts applicable to the deposition of William S. Stewart, are the same as those in regard to the deposition of Lachmund, and under the view taken, render the deposition of Stewart admissible.

The defendants objected to the several answers of Charles F. Lachmund and William S. Stewart to the fifth interrogatory put to each of these witnesses, as contained in their respective depositions. . The objection goes to. the entire answer to the interrogatory given by each witness, and the ground of objection stated is " because the same is hearsay, and not the best evidence."

A large portion of the answer of each witness is undoubtedly obnoxious to the objection on both grounds urged ; but a portion of the answer of each witness, that as to the shipment of the goods and sending the bill of lading, was proper testimony.   If the objection had been limited to that portion of each answer which was not proper testimony, and we see no reason why it could not have been—it would, doubtless, have been sustained ; but as it extends to the entire answer, and embraces both proper and improper testimony, the objection was properly overruled by the Court. *Pettigrew vs. Barnum et al.*, 11 *Maryland R.*, 434.

The defendant offered, upon the trial, to show, by a wit-

ness on the stand, that "the proof" agreed on between Langfeld, the plaintiffs' agent, and the defendants, for the last purchase of liquors, on May 27, 1867, was thirteen below, instead of seventeen above, and that the defendant signed the order without knowing or reading the contents thereof, and believing it to be thirteen below, instead of seventeen above ; that the body of said order is in the handwriting of said Langfeld, except the signature, which was objected to by the plaintiffs's counsel, " as incompetent, immaterial, not pleaded, and an attempt to vary a written contract." The evidence was properly excluded ; the agreement was in writing, and the written instrument was the best evidence of its contents.· We think, under any circumstance, the facts stated in the affidavit would not be sufficient to authorize a correction of the agreement ; but if they are, they are not pleaded, and the defendants could not take advantage of them by proving them upon the trial, as they offered to do in this instance.

The defendants having rested their case, the plaintiffs offered in evidence the "rebuttal deposition of Charles F. Lachmund." The answers of the witness to 4th, 5th and 8th interrogatories in the deposition were objected to severally, on the ground that they were not rebutting testimony, were incompetent and immaterial. One ground of defense is a breach of warranty, and the inferior and defective quality of the liquors is relied upon as constituting the breach of warranty. Each of the answers objected to has reference to the quality of the liquors sold, at the time of shipment, and as the defense upon this point have the affirmative of the issue, the evidence for the plaintiffs would properly be introduced after the testimony for the defendants had closed. As the case comes here on a bill of exceptions, the defendants must show affirmatively the existence of error before

they can be relieved. Since it does not appear that the defendants did not, in conducting their defense in chief, submit testimony in support of the issue tendered by them, that the liquors were of an inferior quality, we must presume that such evidence was introduced on the trial; in that case it would be competent for the plaintiffs to respond by proof to the contrary. If there is any portion of either of their answers which was not competent, or was immaterial on any other ground, it is not specifically objected to, and under the rule already stated cannot be successfully insisted on by the defendants at this time. This also disposes of the objection to the answers by the witness Stelly, to the 5th and 6th interrogatories in his deposition. The portion of the answer of the witness Stewart in his "rebuttal deposition," contained in the paper book, embraces, along with objectionable matter, that which was competent evidence, namely, such parts of it as refer to the quality of the liquors sold, and the statement that "no complaint was made of the quality of the first lot of liquors bought by defendants when they ordered the second lot, although they then had had them on hand for some time, and they never made any complaint thereof, until in their letter of October 2d, 1867, written over five months after the first sale mentioned above." The objection is too general, and embraces too much; it was therefore properly overruled.

The sixth point made by the appellants in their brief is, that the court erred in charging the jury upon the first, fourth, fifth, sixth, tenth and eleventh requests of the plaintiffs, as given to the jury by the court.

When an objection so general is made, without a specification of error, or anything to indicate what is relied upon by the party as erroneous, we do not feel called upon to make a critical examination of the several instructions em-

braced in the assignment of error, but content ourselves. with the consideration of such points as are discussed in the argument, and such palpable errors as are apparent on the face of the instructions.

The defendants in their answer set up an express contract, warranty, and representations as to the quality of the goods sold. We are unable to see therefore, why the first instruction requested by the plaintiffs, and given by the court, as it is limited to the pleadings, is not correct. The agreement set up in the answer is, "That the said first mentioned ten barrels of whisky so to be shipped by said plaintiffs as aforesaid, was and should be five per cent. better than a sample of whisky then and there, to wit, at the time of making such contract at Saint Paul aforesaid, shown to and examined by said parties, and should be only five 'below proof,' and of as good quality in all other respects as said sample, which was of first quality in all other respects then and there."

To constitute a, sale by sample in the legal sense of that term, it must appear that the parties contracted solely in reference to the sample, or article exhibited, and that both mutually understood they were dealing with the sample with an understanding that the bulk was like it. *Biern vs. Dord*, 1 *Seld.*, 99, *and authorities cited.*

The case at bar does not come within this rule. It expressly appears that the whisky contracted to be sold, was essentially different from that exhibited at the making of the contract; the distinguishing elements of a sale by sample are wanting.

As the fourth and fifth instructions given to the jury in accordance with the plaintiffs' request, relate altogether to a sale by sample, they are not applicable to the case, and it is immaterial whether they were right or wrong, unless the

Day et al. v. Raguet et al.

instructions given were calculated to mislead the jury, or otherwise injure the defendants, which, we think, was not the case here, as the judge charged the jury that a sale by sample was not set up, but that it by no means followed that the plaintiffs had not made a contract to furnish liquors like, or equal to, the liquor shown to the defendants, and if they had done so, or made representations by their agents respecting the grade and quality of such liquors, which were relied on by defendants in making the purchase, such representations would amount to a warranty, and if the liquors did not fulfil the contract, the defendants may recoup or set off the difference. The refusal of the court likewise to charge as requested by the defendants that, " If the jury are satisfied from the evidence that the said first bill of whisky was sold by sample, then there was a warranty that the goods were like such sample," and also the charge given by the court on its own motion, " that the pleading in this case does not set up a sale by sample,". were correct.

The sixth instruction, given at the request of the plaintiffs, would be erroneous, if Chamblin was the agent of the plaintiffs in making the contract of sale with the defendants, and acted within the limits of his authority in doing so ; but if he exceeded his authority, the charge would be correct. As the bill of exceptions does not purport to set out the testimony in the case, or the testimony on this particular point, or contain any allegations that such testimony was not given on the trial, we must presume the existence of such testimony in the case ; the exception to the charge, therefore cannot be sustained.

The refusal of the tenth request, submitted by the plaintiffs, and the charge of the Court instead thereof, " that the delay in making any examination, as testified by defendants,

is evidence tending to show that the goods conformed to the contract, when received, were entirely accurate.

We think the jury could not have been misled by the eleventh instruction, requested by the plaintiffs, and given by the Court. The reply puts at issue all the allegations in the answer which are of a material character ; and we must presume that the jury were advised of the issues upon which they were to pass, and as the defendants pleaded a special defense, the burden of proving it rested upon them.

It is urged by the defendants' counsel, that the Court below erred in charging the jury that there was no "evidence of any outages in this case ;" and, to sustain his objection, relies upon the general statement in the case, that " evidence was introduced on the part of said plaintiffs and defendants for and against all the issues made by the pleadings in this cause." There is no testimony on the subject of " outages " contained in the paper book, and the statement of the judge in his charge to the jury, is direct and unqualified, that "there is no evidence of outages in this case." We are of opinion that, under such circumstances, the general statement in the paper book, that there was evidence for and against all the issues made by the pleadings, should not be permitted to prevail against a positive statement to the contrary by the judge who presided at the trial, in his charge to the jury.

Order affirmed.