# THE PROPELLER BURLINGTON.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 783.   Submitted December 1, 1890. — Decided December 15; 1890.

The libellant in an Admiralty suit, owner of a barge lost through alleged negligence in the propeller towing it, obtained a decree against the offending vessel in the Circuit Court on appeal, valuing it at $5300, and adjudging that he recover of the claimants (owners) and also against the sureties on the appeal bond, $2422.28 for his own damages by loss of the barge and freight, and $2877.72 as trustee for the owners of the lost cargo. Claimants appealed to this court.   After this appeal was taken claimants commenced a new suit in Admiralty in the District Court, in which a decree was obtained valuing the vessel at $7000 and distributing this amount to the libellant in this suit and to other sufferers.   In this new distribution libellant was awarded $4658, instead of $5300.   *Held,*

(1) That this Court had jurisdiction of the appeal in this suit;

(2) That this jurisdiction was not affected by the proceedings in the subsequent and independent suit.

When a tow suffers injury through improper and unseamanlike conduct on the part of the tug hauling it, the latter is liable.   Facts stated which show such improper and unseamanlike conduct in this case.

MOTION TO DISMISS OR AFFIRM.   The case, as stated by the court, was as follows:

Darius C. Ford filed his libel in the District Court of the United States for the Eastern District of Michigan, as owner of the barge William Vanetta, and trustee for the owners of her cargo, against the propeller Burlington, to recover damages for the loss of the barge and cargo in Lake Erie, while being towed by the propeller, because, as averred, of her careless and negligent management.

Bradley and Burrington, as owners of the propeller, answered, denying carelessness and negligence, and pleading also the limitation of liability act in connection with an appraisal and stipulation in the case.

The District Court found the Burlington guilty of the carelessness and negligence alleged, and entered a final decree confirming the report of the commissioner fixing the damages for the loss of the cargo at the sum of $3361.93, and for the loss of the barge and freight at the sum of $2829.83, in all, $6191.76 ; and it further appearing to the court that the propeller had been duly appraised at the sum of $5300, and that a stipulation with sureties had been filed in that amount to secure the judgment of the court, it was ordered that the said sum of $5300 be apportioned and distributed as follows: $2422.28 to libellant for his damages by reason of the loss of the barge and freight, and $2877.72 to libellant as trustee for the owners of the cargo ; and these sums were awarded to him for the damages therein, and it was decreed that he recover the same of the claimant of the propeller and the sureties in the stipulation with costs, and that libellant have execution therefor.

The owners of the propeller appealed to the Circuit Court, and the appeal having been heard, that court made the following findings of fact and conclusion of law, to wit:

"This court finds from the evidence that there was an agreement on the part of the Burlington to tow the Vanetta from Detroit to Cleveland via the South passage, through Lake Erie.

"That in violation of such agreement the master of the Burlington, after entering Lake Erie and running for some hours on the proper course for the South passage, changed

the course of the Burlington and took the Vanetta via north shore of Lake Erie.

"That the South passage was the usual, safest and proper course from the Detroit River through Lake Erie to Cleveland at that season of the year, especially with the wind from the southward and westward, as it prevailed when the Burlington started on the trip with the Vanetta in tow.

"That with the wind as it was, the north shore was a lee shore to the Burlington and her tow, and in taking the North passage, the master of the Burlington not only violated his agreement with the Vanetta, but by this direction actually exposed the latter to greater risk and danger.

"That the master of the Burlington having sought and gained shelter from the southwest wind on the east side of Pt. Pelee Island, which offered him a safe and sufficient protection, about 3 o'clock in the morning of April 1st, 1886, left that shelter and pulled the Vanetta and her other barge back to the north'ard and westward into the open lake, where the Burlington and her tow were subjected to the full force of the wind on a lee shore and where the Burlington was unable to control and manage said barge, thereby bringing about a collision between them, which resulted in serious injury to the Vanetta and led to her total loss.

"That it was an improper and unseamanlike move on the part of the propeller Burlington to leave the shelter of the east side of Pt. Pelee Island and go back into Pigeon Bay on a lee shore, where the Vanetta was exposed to greater danger, which resulted in her loss.

"That the propeller was in fault for not attempting to tow the Vanetta to a place of greater safety after the latter was injured in Pigeon Bay and had signaled the former for help.

"It follows, therefore, as a matter of law, that said propeller Burlington is liable to the libellant and appellee for the value of said barge William Vanetta, and her cargo, as adjudged by the District Court, whose judgment and decree in this case is in all things affirmed, with costs and interest on the amount awarded libellant in the court below. Judgment will accordingly be rendered herein against the appellant, and the stipu-

lators on the appeal bond for the amount of the decree below with interest and costs, for which execution is awarded."

And decree was thereupon entered as follows:

" This cause having been fully argued by counsel on either side, and the record of the court below being seen and fully considered, it is now by this court considered, adjudged and decreed that the judgment and decree of the District Court aforesaid be, and the same is now, in all things affirmed.

" And it is further considered, adjudged and decreed by this court, that the said libellant do recover of and from the said Russell M. Bradley and Riley M. Burrington, claimants and appellants, and also against Perry R. Hall, Russell M. Bradley, Charles H. Bradley and Jay Conderman, as sureties on appeal for said appellants, the sum of five thousand, five hundred and sixty-seven dollars and sixty-five cents damages, being the sum for which judgment or decree in the court below was allowed, ($5300,) with interest to this day, ($267.65,) together with said libellant's cost of suit both in the District Court and in this court, to be taxed by the clerk of this court. It is further ordered, considered, adjudged and decreed that the above sum of five thousand, five hundred and sixty-seven dollars and sixty-five cents, be apportioned and distributed between libellant as owner of scow William Vanetta and freight, and as trustee for the owners of the cargo of said scow in manner following: The sum of two thousand five hundred and forty-four dollars and sixty-one cents ($2544.61) to libellant for his damages by reason of the loss of said scow William Vanetta and freight; and the sum of three thousand and twenty-three dollars and four cents ($3023.04), to libellant as trustee for the owners of the cargo of said scow, and that he have execution against the said claimants and appellants and said sureties on appeal therefor."

From this decree an appeal was taken to this court. It was shown by affidavit that, after this appeal was taken, the owners of the propeller filed their petition in the District Court alleging, among other things, the assertion of claims against them as owners of the propeller by reason of the loss of the barges Vanetta and Star of Hope, while in tow of the propel-

ler; the seizure of the propeller at the suit of the appellee, her appraisal at the sum of $5300, and the filing of the stipulation in that sum; and praying that they might contest their liability and the liability of the propeller for the loss of the barges; that such proceedings were had thereunder as resulted in finding the value of the propeller on the day of the loss at $7000; that there was due appellee by reason of the loss of the Vanetta the sum of $5330.74 and interest, and to the owners of the Star of Hope by reason of her loss the sum of $4000 and interest, and a final decree was entered limiting the liability of appellants to the sum of $7000 with interest, which decree was, on appeal to the Circuit Court, in all things affirmed; that at the date of the entry of the decree from which the appeal in this case was taken there was due appellee the sum of $6542.06, and to the owners of the Star of Hope the sum of $4488, principal and interest; that at that date the declared value of the propeller, with interest from the day of the loss, was $7854; and that the proportion due to appellee was the sum of $4658. This appears in substance, with a slight difference in the amounts by reason of the calculation of interest, from the report of the commissioner in the limited liability proceedings, a copy of which was attached to the affidavit.

*Mr. H. C. Wisner* for the motion.

*Mr. H. H. Swan* and *Mr. F. H. Canfield* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

This case comes before us on a motion to dismiss, united with a motion to affirm. Appellee contends that as he recovered for himself, as owner, only the sum of $2544.61, and for the owners of the cargo only the sum of $3023.04, the matter stands as though two separate suits had been brought, and that the amount in controversy in either does not reach the jurisdictional sum; and *Ex parte Baltimore & Ohio Railroad Co.*, 106 U. S. 5, and *The Nevada*, 106 U. S. 154, are cited.

But in both of those cases the owners of the vessel and the owners of the cargo were parties to the proceedings and recovered the amounts due them respectively. Here Ford is to be treated in all respects as the sole libellant, and the decree is for the recovery of the total sum of $5567.65, and, although this amount was subsequently apportioned so as to show the allowance for the loss of the barge and that for the loss of the cargo separately, the decree for recovery of the aggregate remained the same, and the execution ordered against the claimants and their sureties on appeal would issue for the single amount.

Nor does the fact, that, upon the subsequent proceedings for limitation of liability, it appeared that Ford could not collect more than $4658, his *pro rata* share of the limit decreed, affect the question. That limitation was arrived at in the other suit, and cannot be laid hold of as controlling this. We think, however, under the circumstances, that there was color for the motion to dismiss, though we overrule it, and that we may therefore consider the motion to affirm.

Under the act of February 16, 1875, 18 Stat. 315, c. 77, our review of the decrees of the Circuit Courts upon their findings of fact and conclusions of law in admiralty cases is " limited to a determination of the questions of law arising upon the record, and to such rulings of the Circuit Court, excepted to at the time, as may be presented by a bill of exceptions, prepared as in actions at law." There is no bill of exceptions here, and the inquiry is reduced simply to whether the findings of the Circuit Court justify the decree appealed from.

The general rule is laid down by Mr. Justice Strong, delivering the opinion of the court in *The Steamer Webb*, 14 Wall. 406, 414, " that an engagement to tow does not impose either an obligation to insure, or the liability of common carriers. The burden is always upon him who alleges the breach of such a contract to show either that there has been no attempt at performance, or that there has been negligence, or unskilfulness to his injury in the performance. Unlike the case of common carriers, damage sustained by the tow does not ordinarily raise a presumption that the tug has been in fault.

The contract requires no more than that he who undertakes to tow shall carry out his undertaking with that degree of caution and skill which prudent navigators usually employ in similar services. But there may be cases in which the result is a safe criterion by which to judge of the character of the act which has caused it."

The Circuit Court found that the loss of the Vanetta was the result of improper and unseamanlike conduct on the part of the propeller Burlington. And the findings state various facts showing that the propeller was in fault, and that but for such fault the loss would not have happened. Findings that the master of the Burlington took the Vanetta via the north shore of Lake Erie when the South passage was the usual, safest and proper course at that season of the year, especially with the wind as it then prevailed, and that in doing so he violated his agreement with the Vanetta and exposed the latter to greater risk and danger; that the master having gained shelter which offered a safe and sufficient protection, left it and pulled the Vanetta and the other barge into the open lake, where the propeller and her tow were subjected to the full force of the wind on the lee side, and the propeller was unable to control and manage the barges, which resulted in serious injury to the Vanetta and led to her total loss; that this was an improper and unseamanlike move, and resulted in the Vanetta's loss; and that the propeller was in fault for not attempting to tow the Vanetta to a place of greater safety after the latter was injured in Pigeon Bay and had signaled the former for help; are findings from which the conclusion of law followed; for these findings established that in what was done, there was an actionable lack of the usual caution and skill, and that what was omitted to be done was within the power of the propeller to do, and should have been done by any master of competent skill and experience; and that different conduct would, in all probability, have prevented the catastrophe. As we cannot go behind the findings, and they are sufficient to sustain the decree, further argument is not required. *The Maggie J. Smith,* 123 U. S. 349 ; *The Gazelle and Cargo,* 128 U. S. 474.

*Decree affirmed.*