## DILLON v. PINCH.

110  149
118  676
110  149
|d149  61|

1. CONTRACTS—EVIDENCE—VALUE OF SERVICES.

In an action for money had and received, plaintiff claimed that defendant collected an insurance policy for him under an express agreement to make no charge for his services, while defendant relied upon an alleged express agreement whereby he was to retain one-half of the sum collected. *Held,* that evidence of the actual value of the services rendered was inadmissible.

2. SAME—RELEVANCY.

It was proper in such case to interrogate the defendant with reference to the understanding that he had, as to compensation, with a third party, for whom he had conducted certain litigation over the proceeds of a policy; it being claimed by him that such suit was regarded as a test case, and that he acted therein for both the third party and the plaintiff in the suit at issue.

3. TRIAL—WITNESSES—LEADING QUESTIONS.

A question asked of a witness for the purpose of refreshing his recollection, even though leading, may, in the sound discretion of the trial judge, be allowed.

4. MONEY HAD AND RECEIVED—DEFENSES—BURDEN OF PROOF.

A defendant in an action for money had and received, who admits the receipt of the money, must establish his affirmative defense by a preponderance of evidence.

Error to Eaton; Smith, J. Submitted June 17, 1896. Decided July 8, 1896.

*Assumpsit* by John M. Dillon against Benjamin W. Pinch for money had and received. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff was the owner of an insurance policy in the Old People's Mutual Benefit Society of Elkhart, Ind., upon the life of one Abigail Smith. A Mrs. Alvira Smith had another policy upon the same life. The validity of

that policy, and the principle governing such insurance, may be found determined in *Smith* v. *Pinch*, 80 Mich. 332. The amount of the plaintiff's policy was $1,060; and of the claim of Alvira Smith, $1,590. The defendant received both amounts. The object of this suit is to recover the amount of the insurance received by the defendant. The declaration was upon the common counts. A bill of particulars was demanded, and was furnished, for the amount above stated. The defendant pleaded the general issue, with notice of set-off, of which a bill of particulars was demanded and furnished. One item of set-off is as follows: "Amount paid defendant by plaintiff for making collection of $1,060, being expenses in circuit and supreme courts, as per agreement, $530." There were certain other items, over which no controversy arose, and which were allowed. The sole dispute arose over the above item of set-off. The jury rendered a verdict for plaintiff for $669.56, being the amount after deducting the other items of set-off, with interest.

The defendant admitted the receipt of this money, and that it belonged to the plaintiff, less any legitimate subject of set-off which he had. He claims an agreement with the plaintiff by which he was to receive, as compensation, half of the amount collected. This was denied by the plaintiff, who gave testimony tending to show that the defendant informed him that he was going to Elkhart to collect the claim for Alvira Smith, and would get plaintiff's money, and bring it to him, free of charge; that he did get the money; that after suit was commenced by the heirs of Abigail Smith against Pinch and others, and also against plaintiff, to recover these moneys, defendant told plaintiff that he had several policies in the same company in the same situation as the plaintiff's, and that, if he would let the case go on, he would defend them for his own benefit, and make no charge against the plaintiff. This was the issue involved, and the statement above made is sufficient to an understanding of the questions raised.

*Garry C. Fox*, for appellant.

*Powers & Stine*, for appellee.

GRANT, J. (*after stating the facts*). 1. The defendant was asked:

" Mr. Pinch, with the knowledge that you have now of what you went through with those cases, and the risks that you ran winning them,—taking all these things into consideration, to say nothing about any special agreement—what was it well worth for the services that you rendered there?"

The question was excluded. The ruling was correct. The defendant had made no such issue. He relied upon a special agreement, and the jury, in response to a special question, found that no such agreement was made. Each party relied upon an express agreement. No issue of an implied agreement was made by the pleadings. *McDonald* v. *Ortman*, 98 Mich. 40.

2. Plaintiff's counsel was permitted to interrogate the defendant as to his agreement with Alvira Smith. The claim of the defendant appears to have been that he was acting in the Alvira Smith suit for the benefit of both parties, and that her suit was made the test case. We think the question was pertinent, therefore, as to what arrangement he made with her.

3. The attorney for the heirs of Mrs. Smith in the suits instituted by them against Pinch and others to recover the insurance money was introduced as a witness for the defendant, and testified to the value of the defendant's services in those suits. After the conclusion of the cross-examination the plaintiff made him his own witness, and interrogated him, without objection, as to certain negotiations for a settlement between plaintiff and the heirs of Mrs. Smith. He testified that they made a settlement with plaintiff for $250, and that plaintiff gave an order on defendant for that amount, which defendant refused to pay. Shortly before the trial, Mr. Stine, one of plaintiff's attorneys, had had a conversation with Mr. Hatch.

In order to refresh his recollection, Mr. Hatch was asked if he did not say to Mr. Stine, in that conversation, that defendant said to Dillon that he had not intended to charge him much, if anything, for getting the money, but now he would make it cost him as much as he could. The question was answered, under the objection that it was leading and incompetent. The witness replied that he thought something of that kind was said, but he could not remember the exact words. The testimony was not offered or received or used for the purpose of impeachment, but solely for the purpose of refreshing his recollection. We think the question rested in the sound discretion of the circuit judge, and that no error was committed in allowing it.

4. The plaintiff established his *prima facie* case by showing the money in the hands of the defendant. Its receipt by the defendant was conceded. The court was correct in instructing the jury that the burden of proof then rested upon the defendant to establish his defense by a preponderance of evidence.

The judgment is affirmed.

The other Justices concurred.