### AVERY v. BURRALL.

1. Sale—Guaranty—Heating Plant—Management — Evidence.
    Plaintiff guaranteed the heating capacity of certain boilers sold
    by him to defendant when operated with soft coal. In an
    action for the purchase price, defendant claimed that the
    boilers required hard coal to be used, and sought to recoup
    her damages. Plaintiff contended that the failure of the
    boilers to give satisfaction was due entirely to mismanagement
    on the part of defendant, and introduced, as bearing upon this
    issue, the testimony of witnesses who were successfully operat.
    ing the same kind of boilers with soft coal. *Held*, that the
    testimony was competent for the purpose offered.

2. Same—Recoupment—Burden of Proof.
    The burden of showing that a steam-heating plant does not
    meet the requirements of the contract of purchase is upon the
    vendee in an action against her to recover the balance of the
    purchase price, where she has accepted and used the plant,
    and seeks to recoup in the action the amount of her damages
    for its failure properly to perform the work.

Error to Jackson; Peck, J. Submitted October 21, 1898. Decided December 6, 1898.

*Assumpsit* by Howard H. Avery and another against Emily M. Burrall for installing a steam-heating plant. From a judgment for plaintiffs, defendant brings error. Affirmed.

*Blair, Smith & Townsend* ( *Wilson & Cobb*, of counsel), for appellant.

*John W. Miner* ( *Grove H. Wolcott*, of counsel ), for appellees.

Moore, J. Plaintiffs recovered a judgment for putting a steam-heating plant into the Webb Block, in Jackson, and for doing extra work connected therewith, for the

defendant. Those portions of the contract necessary to appear here for a correct understanding of the case read as follows:

"That the parties of the first part hereby agree to construct the steam heating, gas fitting, and plumbing in the Webb Block, now under construction on the west side of Mechanic street, in the city of Jackson, as hereinafter specified, for the sum of $1,846.55, to be paid by the party of the second part in such sums or amounts up to 90 per cent. of the cost of materials and labor that may be placed on the premises, or at the place of business of the parties of the first part, the remainder to be paid at the completion of work contracted to be done; said parties of the first part to furnish a good and sufficient bond, in the sum of $2,000, guaranteeing the fulfillment of the contract, and the successful heating of said block to a temperature of 70 degrees Fahrenheit when tested thermometers register a temperature of 10 degrees below zero on the outside. The conditions of this agreement are as follows: * * * *Steam Boilers:* Furnish and set up in boiler-room three No. 28 D. H. & L. steam boilers for burning soft coal, connected in battery, so that any one or all can be used at the same time, with complete sets of trimmings and firing tools. * * * *Guaranty:* We guarantee all material and workmanship used in the construction of this heating plant to be the best of their respective kinds, and the apparatus, as a whole, to be capable of warming all rooms in which radiators are placed to the temperature of 70 degrees Fahrenheit when the temperature is 10 degrees below zero on the outside, provided that coal suitable to the requirements of the heaters is used, and the heaters properly managed."

During the progress of the work, defendant paid plaintiffs $1,800. After plaintiffs claimed the plant was completed, defendant used it, but claimed it did not meet the requirements of the contract. The parties were unable to arrive at a settlement, and this suit was brought. The declaration set up the making of the contract by the parties, its completion by the plaintiffs, and the failure of defendant to pay. It also contained all the common counts in *assumpsit.* Defendant pleaded the general issue, and

gave notice that the plant would not do the work required
to be done by the contract; that it was necessary to use
hard coal instead of soft coal, at great additional expense,
and that the heating system must be changed at great ex-
pense; that the work was improperly done,—and claimed
damages by way of recoupment to the amount of $2,000.
Upon the trial it was the claim of defendant that the boil-
ers would not heat the building when soft coal was used,
and that it was necessary to use hard coal.   It was the
claim of plaintiffs that if the boilers were properly stoked,
and the flues properly cleaned, and proper soft coal used,
the boilers would perform the work satisfactorily.   Both
parties gave testimony tending to show the truth of their
respective claims.

The first assignment of error necessary to be discussed
relates to the admission of testimony of a witness who
testified to the successful working of other No. 28 D. H.
& L. boilers when burning soft coal.   Appellant claims it
was error to admit this testimony, arguing that the fact
that other like boilers worked well would not prove or tend
to prove that these particular boilers worked well, or that
they were not properly treated; citing *Second National
Bank* v. *Wheeler*, 75 Mich. 546.   It is undoubtedly true,
as stated in the case just cited, that it would not follow
that, because one machine did good work, another similar
to it would also do good work, and the court so stated
when he admitted the testimony, and he allowed the testi-
mony only for the purpose of showing the kind and char-
acter of the fuel necessary to be used, and the kind and
character of management necessary.   We think the tes-
timony, with the limitation put upon it by the judge, was
competent.   It was the claim on one side that the boilers
were properly managed, and upon the other side that they
were not, and that question was passed upon by the jury
in arriving at their verdict.

The judge, after charging the jury about the questions
involved in the case, charged them as follows:

"Now, gentlemen, with these preliminary instructions

upon that branch of the case, you will be prepared to take up or consider the question as to whether or not this guaranty has been, in either of its respects, violated by the plaintiffs,—be able to take up and determine whether or not the guaranty of condition, quality, and efficiency was true or false. Upon this branch of the case, the defendant, Mrs. Burrall, has the burden of proof, and is not entitled to prevail unless she has satisfied you by a preponderance of the evidence that the guaranty was not true,—that it was broken. Now, this involves proof of these propositions, which are included in the conditions of the guaranty: *First*, that the material and workmanship used in the construction of said heating plant was not the best of their respective kinds, as provided in the contract; *second*, that the apparatus as a whole is not capable of warming all the rooms in the building to a temperature which the guaranty provides, when suitable coal is used and the heaters properly managed. Now, gentlemen, if neither one of these propositions has been established by the defendant by a preponderance of the evidence, you should consider that the defendant has failed to establish her contention upon this branch of the case, and make up your verdict accordingly. On the other hand, if one or both of these propositions has been established by the evidence, and a preponderance of it, you should consider the guaranty as untrue,—broken,—and the defendant would be entitled to be credited in your verdict with the damages which actually and necessarily resulted from that cause. Now, gentlemen, if the defendant prevails upon this branch of the case, you should award her such damages as, under the evidence and the rules of law now given you, she would be entitled to."

The defendant says this case is not the ordinary case of warranty upon sale of an article, but is one of condition clearly expressed by the contract upon which the suit is brought, and a substantial performance of such contract must be shown before plaintiffs can recover, and that the burden of proof is with plaintiffs to show the plant is properly constructed, and meets the requirements of the contract. If there had been no acceptance of the work by defendant, there would be much force in this contention; but the defendant has taken possession of the plant, and used it, and still uses it. When called upon to pay for it, she

assigns as a reason why she should not do so that it does not perform its work as it ought under the contract; that she has been damaged by this failure; and seeks to recoup in this action the amount of her damages. To establish this defense requires proof. Having taken the property and used it, manifestly she should pay for it, unless there is some legal reason which she can show which shall relieve her from that duty. The rule is stated in Benjamin on Sales ( section 564 ) as follows :

"Although a man may refuse to perform his promise till the other party has complied with a condition precedent, yet, if he has received and accepted a substantial part of that which was to be performed in his favor, the condition precedent changes its character, and becomes a warranty or independent agreement, affording no defense to an action, but giving right to a [ counter ] claim for damages. The reason is that it would be unjust, under such circumstances, that a party who has received a part of the consideration for which he bargained should keep it, and pay nothing, because he did not receive the whole. The law, therefore, obliges him to perform his part of the agreement, and leaves him to his action of [ or counterclaim for ] damages against the other side for the imperfect performance of the condition."

We think the court did not err in his statement of the rule. 5 Am. & Eng. Enc. Law (2d Ed.), 26, note, "Recoupment;" *The Propeller Burlington*, 137 U. S. 386; *Day* v. *Raguet*, 14 Minn. 273; 1 Greenl. Ev. § 74; *Tousignant* v. *Shafer Iron Co.*, 96 Mich. 87; *Farrell* v. *School District*, 98 Mich. 43; *Dillon* v. *Pinch*, 110 Mich. 149.

Error is assigned upon statements of counsel made during the progress of the trial. It would have been well to have omitted these statements, but they were not of such character as would tend to prejudice defendant's case. Error is also assigned upon other portions of the charge of the judge. We have carefully examined them, but we do not deem it necessary to discuss them, as we do not deem them well taken.

Judgment is affirmed.

The other Justices concurred.