WATERMAN-WATERBURY CO. *v.* SCHOOL DISTRICT NO. 2 OF THE TOWNSHIP OF WYOMING.

1. EVIDENCE — SIMILAR CONDITIONS — CONTRACTS — SALES — WARRANTY—BREACH OF CONTRACT.

On the trial of an issue of breach of warranty that a furnace installed by plaintiff would properly heat a schoolhouse in the coldest weather, plaintiff was entitled to introduce testimony tending to prove that other similar heating plants heated the buildings in which they were placed satisfactorily if they were properly operated.[1]

2. SAME—AFFIRMATIVE DECREE—BURDEN OF PROOF—WARRANTY OF
FITNESS.

> The burden rests upon a defendant, in an action for the
> price of a furnace, to establish that the article failed
> to conform to the guaranty of plaintiff, who warranted
> that it would give satisfactory results, after it had been
> installed and accepted under the contract.

Error to Kent; McDonald, J. Submitted June 3,
1914. (Docket No. 8.) Decided October 2, 1914.

Assumpsit by the Waterman-Waterbury Company
against School District No. 2 of the township of
Wyoming for the price of a furnace. Judgment for
defendant. Plaintiff brings error. Reversed.

*Cummins, Nichols & Rhoads,* for appellant.

*Louis T. Herman,* for appellee.

BROOKE, J. The parties entered into the following
contract:

"THE WATERMAN-WATERBURY COMPANY,
            "Lansing, Michigan.
*"Gentlemen:*
"Please install in our schoolhouse, in district No.
2, township of Wyoming, county Kent, State of Michi-
gan, one Waterbury heating and ventilating system,
style C, size 24, for which on January 10, 1913, we
agree to pay the sum of $120 or issue a school war-
rant on January 10, 1913, drawing 6 per cent. interest.

"We agree to transfer the Waterbury system from
the freight depot to the schoolhouse, to furnish a man
to assist the regular setter in installing the Water-
bury system, and to see that the doors, windows, ceil-
ings, etc., are reasonably tight, when such repairs are
found necessary to the proper heating and ventilating
of the schoolroom.

"The Waterman-Waterbury Company guarantee
that this system will be constructed of first-class ma-
terial, the same as described in the catalog, and manu-
factured in a careful, workmanlike manner free from
defective material.

"'The Waterman system is further guaranteed, with proper care in operation, to heat the schoolroom to 70 degrees during the coldest weather and to provide good ventilation during school hours.

             "ZACK VAN DAM, Director.
             "PETER KELDER, Moderator.
             "HENRY DEKER, Treasurer.

"Date May 27, 1912.
"Given at meeting of school board."

Under this contract the plaintiff installed a heater in the schoolhouse of defendant, being assisted in the installation by Henry Deker, defendant's treasurer. On July 31st, after installation, the job was accepted as follows:

"Folio No. 1097. Co., Kent, Twp., Wyoming. Dist. No. 2. Director, Zack Van Dam. Address, Grand Rapids, No. 8 Tel. Treasurer, Henry Deker. Address, Grand Rapids, No. 8 Tel. Moderator, Peter Kelder. Address, Grand Rapids, No. 8 Tel. Director lives ¼ mile east of schoolhouse. Location of schoolhouse. Take Holland interurban to Wyoming Park, then 1½ miles from station. On diagram show location of chimney, doors, teacher's desk, plant and wall through which intake enters. Construction frame. Shipped to Zack Van Dam. Sta., Grand Rapids, via.— Style C. Size 24. Was anything missing? Remarks: Building to be repaired and storm porch put on.

"The workmanship on this job is satisfactory to me.
             "HENRY DEKER, Treasurer.
"July 31, 1912.
             "E. L. GRIFFITH, Setter."

Thereafter, during the winter of 1912-13, the heating plant was used to some extent by the defendant. Under a claim that it did not operate satisfactorily, the defendant refused to pay therefor, and the plaintiff thereupon brought suit. Defendant filed a plea of the general issue, and gave notice thereunder that defendant would seek to recoup damages against plaintiff for a breach of the warranty contained in the contract in the sum of $300; the balance over and

above the claim of the plaintiff to be certified in favor of defendant. Under these pleadings, the defendant recovered a verdict against plaintiff of $75. Judgment having been entered thereon, plaintiff reviews the case in this court by writ of error, raising two questions only.

The first question is covered by assignments of error numbered 1, 2, 3, and 4, and relates to the ruling of the circuit court to the effect that plaintiff could not show that other apparatus, similar in character to the one which plaintiff had sold defendant, when properly operated, satisfactorily heated the buildings in which they were installed. Bearing in mind that it was the contention of the defendant that, though properly operated in accordance with the instructions of the plaintiff, the heater would not heat the defendant's schoolhouse in accordance with the terms of the guaranty, and that the plaintiff claimed that any failure of the heater to give the requisite service was attributable solely to a failure on the part of the defendant to properly operate the same, we are of opinion that this testimony was admissible. *Avery* v. *Burrall*, 118 Mich. 672 (77 N. W. 272); 17 Cyc. p. 289.

The second point raised by the plaintiff is that the court erred in instructing the jury as to the burden of proof. Upon this question the plaintiff submitted the following request:

"Gentlemen of the Jury: On the question whether or not the express warranty contained in the contract has been broken, on this branch of the case the burden of proof is upon the defendant. The defendant must prove, by preponderance of evidence, that the plaintiff has broken its warranty, and that the defendant has suffered damages thereby. If you find, considering all the evidence that has been introduced on this part of the case, that the defendant has failed to establish, by a preponderance of the proof, that the plain-

tiff has broken its warranty, then you will find for the plaintiff the amount of its damages which would be the purchase price of the furnace. Now this involves proof of these propositions, which are included in the condition of the warranty:

"*First.* Whether the material and workmanship used in the construction of this heating plant were of the best of their respective kinds, and that the installation was performed in a workmanlike manner.

"*Second.* Whether the apparatus, as a whole, was capable of warming the schoolroom to a temperature which the guaranty provided when the proper fuel was used and the furnace was properly managed.

"Now, if neither one of these propositions has been established by a preponderance of evidence, you should consider that the defendant has failed to establish its contention upon this branch of the case, and you should find for the plaintiff the amount that is due it under the contract, the purchase price of the furnace."

The court refused to give this request, but instead charged the jury as follows:

"Many of the facts are not in dispute. The contract between the parties is in writing, and its terms and provisions are therefore not in dispute. It is not disputed that the plaintiff installed the Waterbury heating and ventilating system of the style and size mentioned in the contract. It is not disputed that the furnace was constructed of first-class material, as required by the contract. The claim in dispute is as to the efficiency of the system to maintain in the coldest weather, with proper care in operation, a temperature of 70 degrees. Under its contract the plaintiff was required to install a heater that would heat the schoolhouse to 70 degrees during the coldest weather, provided proper care was used in its operation. Now the plaintiff claims that it has installed a furnace of such efficiency; the defendant says it has not. You will determine from the evidence what the facts are. Did it maintain a temperature of 70 degrees? Was proper care used in the operation of the furnace? If the furnace, properly operated, would not heat the schoolroom to 70 degrees during the coldest weather, and when I use the term 70 degrees, it is used as under-

stood and explained to you by counsel.  Substantially 70 degrees is a proper heat, proper temperature for a schoolroom, and that was what the parties contemplated.  If the furnace, properly operated, would not heat the schoolroom to 70 degrees during the coldest weather, then it was not such a furnace as the plaintiff contracted to furnish, and the plaintiff would not be entitled to recover the purchase price, under the circumstances of this case.  If, on the other hand, the furnace, properly operated, would maintain a temperature of 70 degrees during the coldest weather, then the plaintiff would be entitled to recover the purchase price which was fixed by the contract at $120.  (So, before the plaintiff is entitled to recover in this case, it must convince your minds, by a fair preponderance of the evidence, that it complied with its contract by furnishing a furnace that would, if properly operated, maintain a temperature of 70 degrees in the coldest weather.)  If you find that the plaintiff did furnish such a furnace, your verdict should be for the plaintiff in the sum of $120 and interest.  If you find that it did not furnish such a furnace, your verdict should be no cause of action, unless you also find that the defendant has suffered damages by reason of the plaintiff's failure to comply with its contract, in which case you will render a verdict for such damages as the evidence shows it has suffered.  These damages, the defendant claims, amount to $75.  The plaintiff claims, if you find for the defendant damages, such damages would not exceed $19.59.  On this question of damages claimed by the defendant, the burden of proof is upon the defendant to show its damages by a fair preponderance of the evidence."

In a case like the present, where the article contracted for was delivered by the plaintiff and accepted by the defendant as in accordance with the contract and warranty, and the defendant relies upon an affirmative defense, it is clear that the burden of proof rests upon the defendant to establish the defense relied upon—in this case a breach of the warranty as to what the furnace would do under proper care in opera-

tion. *Keystone Manfg. Co.* v. *Forsyth,* 123 Mich. 626 (82 N. W. 521) ; *Avery* v. *Burrall, supra;* 35 Cyc. p. 457.

Judgment reversed, and a new trial ordered.

MCALVAY, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred. OSTRANDER, J., did not sit.