May Term,
1851.

MASON *v*. BEARD.

MASON
v.
BEARD.

2c 505
162 613

The defendant sold the plaintiff a quantity of flax-seed and took the following receipt: "Received of *John Beard* 101 bushels of flax-seed, to be paid for, 12½ cents below the *Cincinnati* prices, when called for. *Aug.* 25, 1846. *Adam Mason.*" On this receipt was the following indorsement: "Received on the within, 42 dollars in cattle, *June*, 1847. Demanded *April* 1st, 1847. *John Beard.*" Held, that this instrument was only an acknowledgment of the receipt of the flax-seed with a promise to pay for it on demand at the specified reduction from the *Cincinnati* price. The demand referred only to the time of payment, not to the price, which should be regarded as fixed by the price at *Cincinnati* at the time the flax-seed was delivered and the receipt given.

APPEAL from the *Union* Circuit Court.

SMITH, J.—Assumpsit by *Beard* against *Mason*. The first count alleges that on the 25th of *August*, 1846, the plaintiff sold the defendant 101 bushels of flax-seed, and that the defendant promised to pay the plaintiff the value of said flax-seed, when called for by the plaintiff, according to the selling price of flax-seed in the *Cincinnati* market, to-wit: at twelve and one half cents below the *Cincinnati* price. That, on the 15th of *October*, 1849, the price of flax-seed in *Cincinnati* market was 1 dollar and 25 cents per bushel, and on that day the plaintiff demanded of the defendant 113 dollars and 62½ cents, being the value of the flax-seed so sold and delivered at the *Cincinnati* price, less 12½ cents per bushel, and that payment was refused, &c. The declaration also contained the common counts.

The defendant pleaded the general issue and a plea of set-off, alleging payment to the plaintiff in money and cattle. There were other pleas to which demurrers were sustained and which need not be noticed.

The cause was tried on the issues made by the first and fourth pleas, and the plaintiff obtained a judgment for 44 dollars and 53 cents; a motion for a new trial made upon the return of the verdict having been overruled.

The plaintiff gave in evidence the following receipt:

Wednesday,
May 28.

" Received of *John Beard* 101 bushels of flax-seed, to be paid for, 12½ cents below the *Cincinnati* price, when called for. *August* 25th, 1846. *Adam Mason.*"

On this receipt there was the following indorsement:

" Received on the within 42 dollars in cattle. *June*, 1847. Demanded *April* 1st, 1847. *John Beard.*"

The Court instructed the jury that, by the receipt given in evidence, the defendant agreed to pay for the flax-seed at the rate of 12½ cents below the *Cincinnati* price *at the date of the demand of payment;* that the plaintiff had the right to select his own time to make the demand and thereby fix the price of the flax-seed; and when he did make his election by a demand, it would be binding on him as well as the defendant; and, therefore, the *Cincinnati* price at the date of the first demand made by the plaintiff governs the price of flax-seed between the parties.

The bill of exceptions does not profess to set out all the evidence, but it states that there was evidence tending to prove that the plaintiff had received 20 dollars in cash at the time he delivered the flax-seed; that he called and took the cattle mentioned in the indorsement on the receipt about two weeks afterwards; and that the price of flax-seed in *Cincinnati* at the time the cattle were received was from 60 to 62 cents per bushel. In reference to this evidence the defendant requested the Court to instruct the jury, that if they found the plaintiff had so received 20 dollars, which, with a fair price for the cattle, if no particular price was agreed upon, equalled or exceeded the value of the flax-seed at the *Cincinnati* price, they might regard the time of the delivery of the cattle as the time of the demand of payment and should find for the defendant. This instruction the Court refused to give.

We think the Circuit Court placed an erroneous construction on the receipt or instrument given in evidence. It is, in our view, simply an acknowledgment of the receipt of the flax-seed, with a promise to pay for it on demand, at the specified deduction from the *Cincinnati*

price. The demand refers only to the time of payment, not to the price, which should be regarded as fixed by the price at Cincinnati, at the time the flax-seed was delivered to the defendant and the receipt given. It is quite natural to suppose that, as the contract of sale was made in this state at a considerable distance from *Cincinnati,* the market price at that city at the time might be unknown to the parties, though the one might be willing to sell and the other to buy at the price in that market, less the cost of transportation to it. But the advantage given to the plaintiff by the construction of the Circuit Court is so unreasonable, and so little in accordance with the usual customs of buyers and sellers, that we think, if the phraseology of the instrument is so ambiguous that it bears either construction, that which we have placed upon it is a preferable one.

*Per Curiam.*—The judgment is reversed.

*S. W. Parker,* for the appellant.

*J. S. Reid* and *J. S. Newman,* for the appellees.