ROBERT GILBERT, RESPONDENT, v. JOHN B. MANNING, APPELLANT.

*Evidence — when newspaper market quotations are competent evidence of value.*

In an action to recover the value of barley sold to the defendant, the plaintiff testified in regard to the price: "I told him (defendant) about ninety-two or ninety-two and one half bushels. 'Well,' he says, 'we will pay you the market-price for that barley.' 'Well,' I says, 'what do you mean by the market-price?' He says, 'Just what the paper quotes.'"

*Held*, that, in view of this testimony, it was competent for the plaintiff to put in evidence the quotation of barley as contained in the " Commercial. Advertiser," namely, " Barley, State, held at 110 and 115."

*Whelan* v. *Lynch* (60 N. Y., 469) distinguished.

Appeal from a judgment of the Erie County Court in favor of the plaintiff, entered in the Erie county clerk's office November 29, 1887, upon a verdict of a jury, and, also, from an order of the same court denying the defendant's motion for a new trial on the minutes, entered in said office November 28, 1887.

*H. C. Day*, for the appellant.

*Giles E. Stilwell*, for the respondent.

Macomber, J.:

A recovery was had by the plaintiff upon a cause of action, arising upon an order made by the agent or foreman of the defendant, for the purchase from the plaintiff of a quantity of barley. The plaintiff brought a load of such barley to the defendant's malthouse on the 12th day of October, 1878, and received from the man in charge the following memorandum:

"C. F. M. House, *October* 12.

"Bought barley of R. Gilbert at market-price, 90 bushels, 33-48.

"ED. SEITZ."

The barley represented by this receipt was actually delivered by the plaintiff to the defendant, and received by the latter and retained by him and used in his business. Though the complaint is framed so as to cover another quantity of barley which was never actually received by the defendant, yet upon the trial such additional cause of action seems to have been abandoned, and the case was, apparently, by the consent of the plaintiff's counsel, submitted to the jury by the learned court, solely upon the claim for this ninety and thirty-three forty-eight hundredths bushels.

The question upon this appeal is, whether or not there was sufficient evidence of the market-price to warrant the rendition of the judgment. The only point urged by the appellant's counsel, which merits consideration, relates to the admission of the market quotation of barley in a newspaper published in the city of Buffalo. The quotation, as contained in the Commercial Advertiser of October 11, 1878, was admitted in evidence, as follows: "Barley,

State, held at $1.10 and $1.15." This was objected to as incompetent, and, also, upon the ground that the statement does not give the market-price, but only what barley is held for; and it is argued that such evidence does not disclose the market-price. After the reception of the evidence and the ruling of the court, the learned counsel for the plaintiff attempted to withdraw the evidence, but, so far as can be made out from the case, such attempt was not successful, the defendant's counsel not consenting to the same. It appears in a preceding portion of the case, by the evidence of the plaintiff, that not only was the market-price agreed upon by him and the defendant's agent, but that the means of ascertaining such price were also determined. This witness says: "I told him about ninety-two, or ninety-two and one-half bushels." "Well," he says, "we will pay you the market-price for that barley." "Well," I says, "what do you mean by the market-price?" He says, "Just what the paper quotes." "Well, I went up; I left him then and went up on the street, and I bought, I think, the Commercial, and I saw the quotations, and I thought that was as good as anybody would do."

This case, therefore, is clearly distinguishable from that of *Whelan* v. *Lynch* (60 N. Y., 469), where the particular mode of determining the market-price had not been agreed upon.

The circumstance that the paper in question was dated the eleventh of October instead of the twelfth, is unimportant, because the defendant testified that on the twelfth day of October there was not any quotation of barley in the Buffalo papers. The criterion, therefore, which the parties had by their agreement selected, namely, the quotation in the market column of the Buffalo papers, was satisfied by the publication nearest and preceding to the time of the sale and delivery of the barley under the agreement already mentioned.

From the evidence, the jury was justified in deciding that the barley was of the quality represented by the plaintiff to the defendant's agent.

The judgment should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment and order affirmed.