CHAMPION MACHINE CO. v. FRED. GORDER.

[FILED JULY 2, 1890.]

Instructions as applied to the facts of the case, *held*, to state the law correctly.

ERROR to the district court for Cass county.  Tried below before CHAPMAN, J.

*Geo. W. Covell,* and *Allen Beeson,* for plaintiff in error.

*J. B. Strode,* and *Byron Clark, contra.*

MAXWELL, J.

This action was brought by the plaintiff in error against the defendent in error to recover a balance of $314.85, with interest thereon, due on account for farm machinery sold by plaintiff to the defendant.

The defendant by his answer admits the indebtedness of said amount for said machinery, but by way of counter-claim alleges "that on the 27th of September, 1885, plaintiff and defendant entered into a written contract, by which plaintiff delivered to defendant fourteen light harvesters and binders of six-foot cut and that defendant paid plaintiff therefor. The plaintiff represented and warranted each of said machines to be made of superior material and superior workmanship to any other harvester and binder in the market, and to do as good work under all circumstances as any other harvester and binder in the market, and agreed if any of said machines were not as represented and warranted, or could not be made to work as repreresented and warranted, then the defendant could return said machines to plaintiff and his payments made therefor would be refunded to him by plaintiff, together with all freight charges upon such machines, paid by defendant.

"That two of the machines delivered under said contract failed to comply with the terms of the warranty and were utterly worthless; that defendant duly notified plaintiff of such failure, and offered to return said two machines and that plaintiff refused to receive them. The defendant had previously paid plaintiff for said two machines, and had also paid $20 freight on each one; that defendant paid plaintiff the purchase price of said two machines and the freight paid thereon, amounting to the sum of $282.50;

that he was unable to sell, during the season of 1886, all of the said fourteen machines and was compelled to carry eight of them over to next season, upon which he claims a rebate, under said contract, of $150 on account of a reduction in prices made by plaintiff on said machines."

The plaintiff filed reply denying the breach of warranty as alleged by defendant, and denies that plaintiff was ever notified of any such failure of warranty, or that defendant ever offered to return said machines to plaintiff.

That by the terms of the written contract it was agreed by the defendant that said machines were to be sold by defendant upon written orders from the purchasers, and to be warranted to the purchasers as per plaintiff's printed warranty furnished to the defendant, but that the defendant sold said two machines without taking any written order therefor and without giving the printed warranty of plaintiff, but that he sold them on his own verbal warranty.

Plaintiff further alleges that if said machines had been properly set up and operated they would have fulfilled the warranty; that said machines were never returned or tendered to plaintiff.

Plaintiff also avers that the eight machines carried over by defendant were worth as much during the year 1887 as they were during 1886.

The jury returned a verdict in favor of the defendant for the sum of $97.15, upon which judgment was rendered.

The principal error complained of is in the giving of certain instructions. The instructions are very long and but few of the paragraphs were excepted to.

The court, after stating the issues, gave the following: "Defendant alleges that the plaintiff represented and warranted said machines to be made of superior material and workmanship to any other harvester and binder in the market, and warranted them to do as good work under all circumstances as any other machine in the market, and agreed if any of the machines so sold failed to comply with

said warranty, the plaintiff would refund the money paid, with freight paid by defendant; that two of said machines failed to comply with the representations and plaintiff was notified of said facts, and defendant offered to return said machines, which plaintiff refused to accept. Defendant asks to be allowed upon his counter-claim the sum of $282.50, the price paid for said machines and freight. Defendant further says that he is entitled to a credit of $150 for eight machines defendant was obliged to carry over to the season of 1887 by reason of the reduction of the price of like machines for the season of 1887. Defendant asks to be allowed upon his counter-claim $262.50 for the two machines, $20 for freight paid, and $150 for rebate, as above set forth.

"Third—For a reply to the answer of the defendant the plaintiff denies that the two machines were not made of superior material and workmanship; denies that said machines would not do as good work as represented and warranted; denies that defendant notified plaintiff of the failure to work of said two machines; denies that defendant offered to return said machines or that plaintiff refused to allow defendant to return the same.

"Plaintiff further says that by the contract with defendant all machines were to be sold upon a printed warranty as furnished by plaintiff; that the two machines were sold without such written warranty, but upon the verbal warranty of the defendant that the machines would work to the satisfaction of the purchasers; that the two machines sold and referred to in the defendant's answer if properly put up and operated would have fully complied with the terms of the written warranty; that the purchaser refused to allow the agent of plaintiff to adjust said machines so as to operate; that the defendant nor any other persons for him ever offered to or did return the machines to plaintiff or its agents. Upon which plaintiff denies that defendant is entitled to any credit for said two machines.

" Plaintiff further says that by agreement between the parties hereto said defendant was not to sell any other machines in Cass county ; that in violation of this agreement defendant did sell other machines and so could not sell the eight machines bought of plaintiff ; that the eight machines carried over were worth as much during the year 1887 as in 1886 and defendant is entitled to no credit therefor by the terms of the contract.

" Fourth—Your verdict in this action will be somewhat out of the ordinary form, and by it you will first find how much there is due the plaintiff upon the cause of action, and state in your verdict the amount.   Then you will determine if any is due to the defendant upon the counter-claim or set-off, and state the amount in your verdict. Then you will find for the plaintiff or defendant, according as your finding for one exceeds the other, and for such excess.

" Fifth—As to your finding upon the amount due the plaintiff upon its cause of action, you are instructed that the amount is agreed to be $314.85, with interest at seven per cent, from September 7, 1887, which you will compute and find as the amount due upon the plaintiff's claim.

" Sixth—You are instructed that upon the counter-claim of the defendant the burden of proof is upon the defendant to establish by a preponderance of the evidence every material allegation of his answer concerning such counter-claim or set-off.

" Seventh—To entitle the defendant to recover for the two machines sold and alleged to have failed to work, as represented, you are instructed that the burden is upon defendant to establish by a preponderance of the evidence :

" 1st. That the warranty was such as is authorized by the contract between plaintiff and defendant.

" 2d. That defendant notified plaintiff or its agents of the failure of said machines to work as represented.

" 3d. That plaintiff, by its agent or agents, was given

a fair opportunity to adjust and operate said alleged defective machines, as provided for by the terms of the warranty authorized by plaintiff.

"4th. That upon such trial by the plaintiff's agent the said machines, or either of them, failed to work as represented and warranted, and as set forth in said written warranty.

"5th. That thereafter the defendant returned, or offered to the plaintiff to return, such machines, and plaintiff refused to accept the same.

"If defendant has failed to establish any one of the above propositions by a preponderance of the evidence, he cannot recover for said machines or either of them. If, on the other hand, defendant has established each of said propositions as to either or both of said machines, you should allow him in your verdict for the amount paid, including freight for such machine or machines.

"Eighth—Upon the second claim of defendant for a rebate or credit because of the reduction of the price of machines for the season of 1887 by the plaintiff you are instructed that the burden of proof is upon the defendant to establish his claim by a preponderance of the evidence. The contract, offered in evidence, between plaintiff and the defendant provides if the defendant, after making faithful effort to sell the machines included in the contract during the season of 1886, the plaintiff would carry said machines left unsold over, and extend time of payment until the following year. The contract further provides if any change is made by us for the season of 1887, advancing or reducing the list price of any of the differerent kinds of Champion machines enumerated in our current price list (No. 23) herein referred to, the aggregate difference in the list price of the machines for which payment may be extended in accordance with the provisions of this agreement, less the discount herein named, shall be credited or charged to the party of the second part, and settled in connection

with the business of the succeeded year on the basis of cash September 1, 1887.   The evidence shows that the eight machines upon which defendant asks a rebate were included in the list prices (No. 23), and the evidence also shows that no list price was ever issued afterwards upon these machines, and that plaintiff ceased to manufacture said machines after 1886.   The evidence further shows that for the year 1887 the plaintiff did manufacture another machine with iron frame instead of wood, otherwise different from the machine of 1886.

"You are instructed if you find from the evidence that the machine, manufactured by the plaintiff for the season of 1887 were in fact the same machines with slight improvements only upon the machines of 1886, and intended for the same trade as were the machines manufactured for the year 1886, and were in fact listed at a lower price, then defendant would be entitled to credit for the difference in the list prices.   On the other hand, if you find from the evidence that the plaintiff abandoned the manufacture of the kind of machines sold to the defendant after the season of 1887 and entered upon the manufacture of a new and different machine from the machine manufactured for 1886, then defendant would not be entitled to any credit, even though the new machine may have been listed at a lower price than the old one."

A number of instructions were asked and refused upon which no point seems to be made and they need not be noticed here.   The instructions seem to state the law correctly as applied to the facts of this case, and there is no material error in the record.

The judgment is therefore

AFFIRMED.

THE other judges concur.