PINEVILLE LUMBER COMPANY *vs*. RUTHVEN B. THOMPSON and another.

July 7, 1891.

Sale—Time for Payment—Contract Construed.—A contract for the sale of a specified quantity of lumber at a specified price per thousand feet, to be delivered when ordered by the buyer, construed, and *held* to require payments to be made as from time to time deliveries should be made.

Action brought in the district court for Hennepin county, to recover $796.73, the alleged value of 69,195 feet of hard-wood lumber sold and delivered to defendants. In their answer the defendants pleaded the special contract considered in the opinion, and alleged that they had made the first payment of $800 therein provided; that no further payments were due until the entire 100,000 feet contracted for should have been delivered; and that plaintiff had broken the contract by refusing to deliver the residue (30,805 feet) of the lumber. The plaintiff in its reply admitted the contract and the payment of $800, and alleged that on the delivery of the 69,195 feet the further sum of $316.18 became payable and was demanded; that the defendants refused to pay this or any sum, and deliberately violated the contract, whereupon the plaintiff abandoned the contract and declared it at an end, and so notified defendants. A jury was waived, and the action tried by *Smith*, J., who ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*Nye & Taylor*, for appellant.

*Ace P. Abell* and *A. H. Noyes*, for respondents.

GILFILLAN, C. J. January 12, 1889, the parties entered into a written contract, whereby the plaintiff sold to defendants 100,000 feet of oak lumber, to be sawed by plaintiff. The contract contained these clauses: "The said Pineville Lumber Co. agree to commence sawing the above lumber as soon as they start their mill in the spring. They further agree to pile this lumber in their yard, and ship it when ordered, and further agree that they will pile all the red oak that they saw that will make and does make any of the above-

described dimensions, in piles exclusively for said R. B. Thompson & Co., and will hold them until ordered shipped by said R. B. Thompson & Co. The price of said lumber is to be $19.25 per M., f. o. b. cars in Minneapolis, and to be paid for as follows, viz.: Eight hundred dollars this day; four hundred dollars more when the 100,000 feet is in pile; and the balance on the first day of January next, or, in case said lumber is ordered shipped prior to that time, it shall be paid for as soon as received at Minneapolis, unloaded and scaled. The said lumber is to be in pile on or before the first day of January next." Between May 15 and June 19, 1889, the plaintiff sawed and shipped to defendants, on their order, 69,195 feet of the lumber, which was received by defendants at Minneapolis, and unloaded and scaled. June 27th, plaintiff demanded from defendants pay for the amount so delivered, less what had been paid at the making of the contract, and defendants refused; the plaintiff claiming that under the contract it was entitled to be paid as, from time to time, the lumber was, on defendants' order, shipped to and received at Minneapolis, and unloaded and scaled, and the defendants claiming that the price was payable only upon the delivery of the entire 100,000 feet. The construction of the contract in this respect is the only question presented on this appeal.

If the contract had provided that the lumber should be shipped to defendants only when the entire lot was ready to be shipped, and upon an order for the shipment of the entire lot at one time,—in other words, had it provided for but one delivery,—then the inference would have been that there was to be but one payment, to be made when the delivery was completed. But, although the contract is far from being clear on the point, we think, taking into account the character of the property and all the provisions of the contract together, the parties contemplated that the defendants might order shipments from time to time as the lumber should be ready for shipping and the defendants should desire it shipped, and that until ordered shipped it should remain in piles in the plaintiff's yard for defendants until at any time prior to January 1, 1890, they should order any of it shipped. That being so, the clause, "it shall be paid for as soon as received at Minneapolis, and unloaded and scaled,"

refers not to the entire quantity, but to the shipments made upon the defendants' orders. Unless we were to hold that the defendants could not order shipped any but the entire lot after it was sawed, a construction as to payment, to the effect that none was to be made till all the lumber was received, would enable defendants to secure a delivery, as soon as sawed, of all but a small portion, and, by delaying the order for that portion, postpone the payment for what they had received and used till January 1, 1890. Of course, it was competent for the parties to agree upon that apparently inequitable advantage to defendants, but the court would not so construe their contract, if it were equally open to a construction that would avoid that result. We think the contract contemplated payments (after deducting what had already been paid) as deliveries were from time to time made on defendants' orders.

Order reversed.