SCHERG, Respondent, vs. PUETZ, Appellant.

*March 11—April 5, 1955.*

For the appellant there was a brief and oral argument by *John T. Collentine* of Kiel.

For the respondent there was a brief by *Gruhle & Fessler,* attorneys, and *Henry A. Detling* of counsel, all of Sheboygan, and oral argument by *Mr. Detling.*

FAIRCHILD, C. J.    This action was brought by respondent to recover an amount due him because of a breach of contract by appellant.  In the contract, dated November 16, 1951, it was agreed that appellant would sell respondent a 1952 Lincoln Cosmopolitan automobile as such model became available, and at the prevailing price of such model when available.  In consideration therefor the respondent sold to appellant his 1951 Lincoln Cosmopolitan automobile.  The car of respondent had been damaged.  The respondent agreed to pay the cost of repairs to put the 1951 car in proper condition, appellant to do the repair work.  Appellant agreed to buy the 1951 car in good repair for $3,500, the purchase price to apply on a 1952 Lincoln Cosmopolitan automobile. It appears without dispute that the respondent did pay to appellant, in accordance with the terms of the contract, the sum of $1,021.95 for the repair of the 1951 car, and that he transferred the title of that car to the appellant.  The new 1952 model became available, but it was not delivered, and a reasonable time for performance had long passed.  *Waterman v. Dutton,* 6 Wis. * 265.

The respondent does not base his action for damages upon the delay as a default, but upon the appellant's definite and absolute refusal to perform and upon the breach of contract by him.  The contract between respondent and appellant was definitely established.  Appellant's action on October 2, 1952, constituted a breach of the contract by him.  On that date appellant disclosed his purpose and his determination to re-

pudiate the obligations assumed by him and binding upon him. A letter dated October 2, 1952, discloses not only his determination to repudiate the contract but also his reason for desiring to avoid living up to his agreement. That letter reads:

"In regard to your 1951 Lincoln Cosmopolitan that is at this dealership, we would like to have you come and pick up the car. We are unable to get the price for this car in our community. Bring the keys along when you come down."

Respondent then brought this action to recover from appellant $3,500. As appears in the statement of facts, appellant answered, denying the purchase by him of respondent's 1951 Lincoln car, and setting up a counterclaim for storage and damages. There was a reply to the counterclaim.

As the trial progressed, it developed that the only issue to be litigated, if there was anything concerning which there could be a *bona fide* dispute, was the issue raised by appellant's counterclaim. It was considered by the parties, as well as by the court, that, as a substantive defense had been pleaded, the burden of proof as to those circumstances would have to be met by the appellant. And in a conference, before submitting the matter to the jury, the form of the verdict was prepared, and the judge properly submitted that form, together with the instructions, to both sides for their approval. No objection was made or suggestions offered. As a matter of law, the facts established required a ruling in respondent's favor that the contract existed, that the appellant had failed to perform, and that respondent was entitled to a fair remedy for all damages he had suffered. It necessarily followed, then, that unless appellant could show a release or other substantive defense, he was not entitled to prevail, and the burden was upon him to establish such affirmative defense and forms no part of respondent's averments. 2 Jones, Commentaries on Evidence (Horowitz ed.), p. 14, sec. 178.

The portion of the charge, now challenged as erroneous, when applied to the facts of this case, states the law correctly. Where there is a breach of contract as thoroughly established as there is here, no formal putting in default is necessary where the obligor denies the existence of the alleged contract and declares his intention not to perform his part. *Champion Machine Co. v. Gorder,* 30 Neb. 89, 46 N. W. 253; *Noonan v. Ilsley,* 21 Wis. *138.

It appears with reasonable clearness that the final result reached in this case is one which legally and logically followed.

*By the Court.*—Judgment affirmed.