KEYSTONE MANUFACTURING CO. *v.* FORSYTH.

SET-OFF—ACTION ON JOINT NOTE — SEVERAL DEMAND — EVIDENCE.
Plaintiff brought suit upon a promissory note given for part of the purchase price of machinery by F., the purchaser, and N., the agent who negotiated the sale. Defendants pleaded the general issue, with notice of set-off. They were permitted to testify that the machinery was not as represented, and the jury were allowed to set off a partial payment made by F. when the machinery was purchased. *Held,* improper, under the pleadings, in view of 2 How. Stat. § 6884, relating to set-off, which provides in subdivision 6 that, "if there be several defendants, the demand set off must be due to all of them jointly, unless the defendants shall prove an agreement of the plaintiff that the demand proposed to be set off should apply as payment upon his claim."

Error to Wayne; Donovan, J. Submitted October 14, 1897. Decided November 17, 1897.

*Assumpsit* by the Keystone Manufacturing Company against Charles Forsyth and Charles Neuendorf upon a promissory note. From a judgment for defendants, plaintiff brings error. Reversed.

*Hamilton Baluss*, for appellant.

*William C. Gottman*, for appellees.

MOORE, J. The plaintiff sued defendants in justice's court, and declared upon a promissory note given by defendants to plaintiff. The defendants pleaded the general issue, and gave notice of set-off, and gave no other notice. The plaintiff recovered judgment for the full amount of the note, with interest. From this judgment defendants took an appeal to the circuit court, where judgment was rendered in favor of defendants for $150, from which judgment plaintiff appeals.

It is difficult to determine from the record just what occurred at the trial in the circuit court, but it does appear from the record that defendant Forsyth claimed that he purchased from plaintiff a corn husker and fodder cutter, combined, upon which he paid $100 down. The note in question was given for part of the purchase price of the machine, and was signed by defendant Neuendorf, who acted as the agent of the plaintiff in making the sale to defendant Forsyth, as well as by the defendant Forsyth. The plaintiff, to establish its case, introduced the note in evidence, and a computation of the amount due thereon, and rested. Defendant Forsyth then attempted to show that the note in question was given for the machinery before mentioned, and that the machinery did not work as it was agreed it should work when it was purchased. Objection was made to the admission of this testimony upon the ground that it was not admissible under the pleadings, and also because there was nothing in the notice to apprise plaintiff of the proposed defense. This objection was overruled. Defendant testified to the representations made as to the capacity of the machine, and that it did not do the work it was represented to do. Was this admissible under the plea and notice of set-off? The note sued upon was given by both defendants. The payment made which was claimed to be a set-off was made only by the defendant Forsyth, and it was for this payment that judgment was rendered in favor of defendants. The sale was made by plaintiff, through the defendant Neuendorf, not to both defendants, but to defendant Forsyth. 2 How. Stat. § 6884, in relation to set-off, provides, in subdivision 6:

"If there be several defendants, the demand set off must be due to all of them jointly, unless the defendants shall prove an agreement of the plaintiff or plaintiffs that the demand proposed to be set off should apply as payment upon his or their claim."

The defense proposed did not meet the requirements of this provision. We do not mean to intimate that the

defense could not be made under proper pleadings, but we think it was not allowable under the pleadings shown by this record.

Other errors are assigned, which it is not necessary to discuss, as they are not likely to occur again.

Judgment is reversed, and new trial ordered.

The other Justices concurred.