KEYSTONE MANUFACTURING CO. *v.* FORSYTH.

1. SALE—BREACH OF WARRANTY—LACHES—QUESTION FOR JURY.
    A husking-machine was sold upon a warranty, and notes were given for the purchase price. In an action on the notes, defendant gave testimony that he made a trial of the machine promptly, and notified the seller's agent that it did not work, and that they each wrote the seller to that effect, but received no reply. A letter from the purchaser, given in evidence, indicated that two or three months were allowed to elapse before trial of the machine was made. *Held,* that it was proper to submit to the jury the question whether the trial was made within a reasonable time.

2. SAME—ACTION ON NOTES—DEFENSE—BURDEN OF PROOF.
    Where defendant, in an action on notes given for the price of a machine sold to him by plaintiff, sets up a breach of warranty as a defense, the burden of proof is upon him to establish it.

Error to Wayne; Hosmer, J. Submitted February 2, 1900. Decided April 24, 1900.

*Assumpsit* by the Keystone Manufacturing Company against Charles Forsyth and Charles Neuendorf upon promissory notes. From a judgment for defendants, plaintiff brings error. Reversed.

*Hamilton Baluss,* for appellant.

*William C. Gottman,* for appellees.

MONTGOMERY, C. J.   This case has once been before this court, and is reported at 115 Mich. 51 (72 N. W. 1109).   On the second trial the defendant Forsyth was allowed to recoup damages for the breach of warranty, and recovered the full amount of money paid, with interest.   The facts as disclosed by the record are that on the 15th of September, 1890, the defendant Forsyth gave an order to plaintiff for a combined corn-husker and fodder-cutter; the order containing a statement of warranty, and the defendant Forsyth agreeing to receive the same at the depot, to pay the freight charges, and to pay the purchase price,—$100 in cash, and the balance in two notes.   The machine was promptly shipped.   The defendant Forsyth paid the $100 in cash to the agent, Charles Neuendorf, and gave the two notes, of $100 each, and took the machine into his possession.   The notes are the notes in question in this suit.   Some considerable time after receiving the machine, defendant Forsyth made a trial of it.   Just how long a time intervened is not entirely clear on the record.   A letter from defendant Forsyth would indicate that some two or three months were allowed to elapse, and that the trial was not made until late in January.   The oral testimony, however, is to the effect that the trial was promptly made, and notice given to the agent, Neuendorf, that the machine did not work, and that he directed that it be left where it was until an agent of plaintiff should put it in shape, and that both he and defendant Forsyth wrote the company at once, and received no reply.   Plaintiff's counsel claims that, upon this statement of facts, a verdict should have been directed for the plaintiff.   We think the learned circuit judge properly left this question to the jury.

The circuit judge, among other things, charged the jury as follows:

"Now, there is one bugbear in this case, and that is the question of the burden of proof. In general, gentlemen of the jury, a person who asserts a proposition is bound to establish it; but the burden of proof, I think, lies upon the plaintiff from first to last. I think there is a vast deal of bugbear about the burden of proof. A party has sustained the burden of proof when he adduces evidence which satisfies the jury of the very right of his case. Now, with reference to the question, I am asked to charge you about the burden of proof. Mr. Baluss requests me to charge you that it is the duty of the defendants to furnish the burden of proof to establish every necessary fact to maintain the defense here set up, and that the jury have a right to consider the good faith of the defendants. I think the latter part of the request is proper, but not the former. If your minds should be exactly balanced as between whether the machine would work or not, then the plaintiff has not sustained the burden of proof, and the verdict should be for the defendants."

We think this instruction was error. The rule is well established that, where the defendant relies upon an affirmative defense (that is, a defense by way of confession and avoidance), the burden rests upon him to establish such defense. See *Powers* v. *Russell*, 13 Pick. 69; 5 Am. & Eng. Enc. Law (2d Ed.), 26; *Day* v. *Raguet*, 14 Minn. 273; *Champion Machine Co.* v. *Gorder*, 30 Neb. 89 (46 N. W. 253); 22 Am. & Eng. Enc. Law (1st Ed.), 361, and cases cited in note 1. Defendants' counsel cites us to cases in our own court which hold that, where the defense to a promissory note is want of consideration, the burden of proof rests upon the plaintiff to show consideration. See *Manistee Nat. Bank* v. *Seymour*, 64 Mich. 59 (31 N. W. 140). But in the case just cited the rule which governs the present case is recognized, and it is expressly stated that "when a party having the affirmative of the issue introduces competent evidence in support thereof, and the adverse party, instead of offering evidence upon the facts alleged by the plaintiff, sets up another and distinct fact in avoidance, then the burden of proof is upon him to establish such defense." The fact that the plaintiff's claim in this case is represented by a promissory note

does not make the cases cited by defendants' counsel applicable, as it might be said that, if the defendants had set up want of consideration, plaintiff might have met this claim by showing the actual delivery of the machine in question at the agreed price. The defendants could then only defeat recovery by showing, by way of confession and avoidance, a breach thereof. This case is in this respect no different than if the action had been brought directly upon an engagement to pay for goods sold and delivered, where no note is given.

Judgment reversed, and new trial ordered.

The other Justices concurred.