KEYSTONE MANUFACTURING CO. *v.* FORSYTH.

PROMISSORY NOTES — DEFENSES — FAILURE OF CONSIDERATION — GENERAL ISSUE.

> Where, in an action on a promissory note, defendant pleaded the general issue, with notice that money paid by him to plaintiff on the purchase of a machine was without consideration because of a breach of warranty of the machine, evidence that the note in suit was given as part of the purchase price of the machine. and that, by reason of the breach of warranty, the contract was rescinded and the machine returned to plaintiff, was properly admitted, as against the objection that the notice under the plea made no reference to the note, since a total failure of consideration was provable under the general issue.

Error to Wayne; Frazer, J. Submitted February 1, 1901. Decided February 27, 1901.

*Assumpsit* by the Keystone Manufacturing Company against Charles Forsyth and Charles Neuendorf upon a promissory note. From a judgment for defendants, plaintiff brings error. Affirmed.

*Hamilton Baluss*, for appellant.

*William C. Gottman*, for appellees.

LONG, J. This action was commenced in justice's court in April, 1891. The declaration was in *assumpsit* on a promissory note, describing it, and claiming damages of $300. Defendants pleaded the general issue. Plaintiff had judgment, and defendants appealed to the circuit court. The cause was tried in the circuit, where defendants had judgment, and, on appeal by plaintiff to this court, the case was reversed and remanded for new trial. That case is reported in 115 Mich. 51 (72 N. W. 1109). The cause was again tried in the circuit court, and the

defendants again had judgment. On appeal here the cause was again reversed and remanded. 123 Mich. 626 (82 N. W. 521). Another trial has since been had in the circuit court, and again the defendants had judgment, and plaintiff again comes into this court by writ of error.

It is unnecessary to set out the facts, as they are quite fully set out in the former opinions. The cause was reversed on the first hearing here on the ground that the set-off attempted did not belong to both defendants, and therefore was not within 1 Comp. Laws 1897, § 776, subd. 6. It was reversed the second time for the reason that the court below gave an erroneous charge as to the burden of proof. It appears that the pleadings stood as originally framed until February 5, 1898, when the defendant's attorney, Gottman, filed a notice by leave of the court under his plea that :

"The defendant will show, under the general issue heretofore pleaded in justice's court and under the amended pleadings, that said defendant Forsyth, for and in consideration of a combined corn-husker and fodder-cutter purchased from said plaintiff by said defendant, and relying on the representations of said plaintiff that said corn-husker and fodder-cutter would do the work represented by said plaintiff, upon a warranty, paid said plaintiff one hundred dollars, and for which he, said defendant, on account of the misrepresentations made by said plaintiff, and by not doing the work it was represented to do, has received no consideration for said one hundred dollars paid by said defendant to said plaintiff, and that on which trial said defendant will show that said defendant Forsyth is entitled to recover from said plaintiff under set-off the sum of one hundred dollars."

Notice of want of consideration for the payment of the money is thus set up.

The court below permitted the defendants to show that the note sued upon was given for the machine, and that the machine did not work according to the conditions of the warranty, and that the defendant refused to accept the machine and rescinded the contract. It was objected to by counsel for plaintiff on the ground that the note was

not mentioned or referred to in the notice, and that the notice does not point out in what respect the contract was broken, and that the notice is only one of set-off. Counsel is in error in the position he takes in the case on the notice. It was expressly held in *Perkins* v. *Brown*, 115 Mich. 41 (72 N. W. 1095), that the total failure of consideration can be shown under the plea of the general issue.

The judgment must be affirmed.

The other Justices concurred.