### CITY OF LANSING v. HATHAWAY.

AUTOMOBILES—CITY FIRE TRUCK—RED AND GREEN LIGHTS—NEGLIGENCE.

In action by city to recover expense of repair of its fire truck and cure of injured firemen incurred by reason of collision at intersection of streets at which red and green traffic lights were located and pursuant to which lights defendant had permission to cross when he struck fire truck running the red light, finding of trial judge, sitting without a jury, that defendant made such observation as an ordinary operator of a car would have made and was not guilty of negligence *held*, justified by evidence.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 14, 1937. (Docket No. 69, Calendar No. 39,433.) Decided May 21, 1937.

Case by City of Lansing, a municipal corporation, against Clarence A. Hathaway for damages for personal injuries suffered by city firemen and repairs to a fire truck. Judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph W. Planck,* City Attorney, for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant.

Wiest, J. At about 6 o'clock, the afternoon of July 19, 1935, a fire truck of the city of Lansing, going north on Washington avenue in response to a fire alarm, ran a red stop light at the intersection of Shiawassee street and, while crossing the intersection was struck by defendant's automobile, traveling west across the intersection from Shiawassee street east, under protection of the green light. The fire truck was damaged and firemen injured.

The city brought this suit to recover the expense of repair to the truck and cure of the injured firemen, claiming that the accident was occasioned by the negligence of defendant in not viewing the approach of the fire truck or heeding sounded warnings. Defendant claims that, by reason of a severe rain storm, he was unable to view south on Washington avenue through the side window of his car and had but a limited view in that direction through the windshield and, seeing cars stopped on Washington avenue at the intersection awaiting turn of the traffic light and having the green or right of way light in his favor and receiving no warning of the approach of the fire truck, he drove into the intersection and the fire truck came suddenly across his course.

Upon trial before the court without a jury defendant was adjudged not guilty.

Upon review plaintiff urges that the finding was against the preponderance of the evidence and that defendant was negligent as a matter of law.

The fire truck and the automobile entered the intersection at the same time. We assume, for the purposes of decision, that, under the city ordinance, the fire truck, as an emergency vehicle responding to a fire alarm, had a right to run the red light upon giving "audible signal" and having reasonable regard for the safety of others. Defendant had a right, under permission of the green light, to cross the intersection unless, by the reasonable exercise of the senses of sight and hearing, he should have noticed or heard warning to the contrary.

The evidence in the case fully justified the following finding and conclusion of law by the circuit judge:

"The issue of fact is rather close but I am brought to the conclusion that it cannot be affirmatively said that the defendant was guilty of negligence in the operation of his car. Rather I think that he did what the ordinary operator of a vehicle would have done in approaching this intersection. He was making observations through his windshield. He saw the automobiles at the intersection. He observed that the traffic light was with him, and there was no obstacle in his immediate pathway. His vision of the approaching truck as he entered the intersection was cut off by other cars. To say that he was guilty of negligence in proceeding necessarily implies that due care required him to come to a stop, an operation that might have been attended with some danger. In any event, it can scarcely be claimed that the ordinary driver of an automobile would have stopped, or have acted in any other manner than did the defendant. As I view the situation, the accident, and resultant injury to the prop-

erty of the plaintiff, should be regarded as having occurred without actionable fault.''

It appears to have been an instance where two rights came into collision. We find no error.

The judgment is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.