KIFF CONTRACTORS, INC., *v.* BEEMAN.

1. CONTRACTS—BREACH—DAMAGES.
   A party to a contract cannot prevent, or render impossible, performance by the other party and still recover damages from nonperformance.

2. SAME—TIME OF PERFORMANCE—PRESUMPTIONS.
   The law implies a reasonable time for performance of a contract when the contract is silent on this point.

3. APPEAL AND ERROR—NONJURY LAW CASE—PREPONDERANCE OF EVIDENCE.
   Finding of the trial judge will not be reversed unless the evidence clearly preponderates in the opposite direction, in review of nonjury case.

4. CONTRACTS—DISHONOR OF CHECK—COMPLETION IMPOSSIBLE.
   Action by contractor in giving check to subcontractor's workmen and then refusing to honor it or return it to them, knowing that the dishonor would cause them to leave the job, *held,* to make completion of contract by defendant impossible and therefore to defeat plaintiff's action for damages for not completing the work.

Appeal from Common Pleas of Detroit; Connolly (William F.), J.   Submitted Division 1 December 5, 1967, at Detroit.   (Docket No. 2,618.)   Decided March 25, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 355–365.
[2] 17 Am Jur 2d, Contracts §§ 329, 330.
   Admissibility of oral agreement as to specific time for performance where written contract is silent. 85 ALR2d 1269.
[3] 5 Am Jur 2d, Appeal and Error §§ 839–845.
[4] 17 Am Jur 2d, Contracts § 404 *et seq.*
   Liability for procuring breach of contract. 26 ALR2d 1227.

Declaration by Kiff Contractors, Inc., a Michigan corporation, against Forrest W. Beeman to recover damages for breach of contract. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Donald G. Schiff,* for plaintiff.

*Judson B. Robb,* for defendant.

Lesinski, C. J. This case comes to us on appeal from a decision of the court of common pleas of the city of Detroit that the plaintiff had no cause of action for breach of contract, and from a subsequent order denying plaintiff's motion for a new trial.

The record shows the following pertinent facts: Plaintiff was general contractor for the construction of a 24-unit apartment building in Owosso, Michigan, and defendant* was subcontractor for the installation and finishing of dry-wall construction materials. A contract was executed by the parties on July 16, 1963, providing that defendant would furnish the labor and materials to complete the dry-wall work, and do additional work in the furnace rooms, for a total contract price of $9,975. The time for performance was not stipulated in the written document.

The defendant commenced performance of the contract on July 15, 1963, hiring two skilled dry-wall men from outside the area, since this type of skilled labor was difficult to obtain in Owosso and else-where. During the second or third week of work, the defendant had a dispute with the two dry-wall men over the amount of wages they had earned on a piecework basis. The plaintiff began to voice his

---

* The caption of the case designates Forrest W. Beeman and W. Brennan as defendants herein. However, the record shows there is only one defendant in this case, Forrest W. Beeman.

concern over the fact that the dry-wall work was not being accomplished as efficiently and quickly as he believed it should. The plaintiff's apprehensions increased when the two dissident workmen threatened to assert a mechanic's lien against the building and file a complaint with the "labor board" over the matter of their wages. In actual fact, neither of these events transpired during the period in which the contract was viable between the parties.

On August 17, 1963, the plaintiff's president, Mr. Kiff, held a meeting in his office between the defendant and the workmen to resolve the wage dispute. After some discussion, Mr. Kiff, with the defendant's concurrence, gave the workmen a check for $450 in satisfaction of their immediate payroll demands and they agreed to return to the job. The next day the workmen returned and asked Mr. Kiff to cash the check. He agreed, took the check, but did not return either it or money; consequently, the workmen did not return to the job. We note, but do not discuss, the testimony in this case concerning the $200 which defendant gave Mr. Kiff at the meeting and which was later returned to defendant.

On August 20, 1963, the defendant received a letter from the plaintiff dated August 19, cancelling the contract for "failure to furnish workmen and properly complete your work jeopardizing the contract." The defendant stopped work and plaintiff brought an action to recover damages. The trial court found that the contract cancellation was without a just cause and plaintiff appeals.

It is clear from a review of the record that the decisive issue in this case is whether the plaintiff prevented, or rendered impossible, the completion of performance of the contract by defendant.

The trial judge found that the plaintiff had disabled the defendant from performing; we quote from his decision:

"It appears to me, Kiff, having given the check to Bausano and Schuck, [defendant's workmen] and not honoring it, knowing the dishonor would cause them to leave the job, and it would be impossible for the defendant to complete the contract, while the plaintiff had no duty to give the check; in the first instance, having taken that course of action, I feel he should have honored his check."

The general rule is that a party to a contract cannot prevent, or render impossible, performance by the other party and still recover damages for nonperformance. See 17A, CJS, Contracts, § 468, at pp 638–642; and 5 Williston on Contracts (3d ed) § 677, p 224. In *Barton* v. *Gray* (1885), 57 Mich 622, 636, the Supreme Court cited a long line of venerable precedents in support of the principle that "no one who causes or sanctions the breach of an agreement can recover damages for its nonperformance."

Applying the foregoing principle to the facts of this case, there is testimony to support the finding of the trial judge that the plaintiff actively prevented the defendant from completing the contract by peremptorily refusing to honor the check given to defendant's workmen on August 17. This action effectively deprived the defendant of his skilled labor force and the means to complete the contract.

Apparently neither party considered the contract to be breached at the time of plaintiff's actions. Since the time for performance was not expressly stipulated in the contract, the law supplies the omission by implying a reasonable time for performance. *Brady* v. *Central Excavators, Inc.* (1947), 316 Mich 594. There was testimony that defendant and his workmen were continually on the job until the day the cancellation notice was received. Certainly, on August 17, 1963, plaintiff did not consider that the performance period had expired for he assumed

on that date to take active steps to continue performance of the contract.

The finding of the trial judge in a nonjury case will not be reversed unless the evidence clearly preponderates in the opposite direction. *Brady* v. *Central Excavators, Inc., supra.*

We find evidence in the record to support the trial judge's finding that the plaintiff prevented the defendant from performing the contract and cannot therefore maintain an action for damages.

Affirmed.   Costs to appellee.

FITZGERALD and MCGREGOR, JJ., concurred.