KEEVIS v TOOKEY

1. NEGLIGENCE—DIRECTED VERDICT.

A directed verdict on the issue of negligence is only proper if, upon consideration of all the evidence in the light most favorable to the party moved against, all reasonable men would agree that the moving party should prevail.

2. AUTOMOBILES—EMERGENCY VEHICLES—STOP SIGNALS.

The driver of an emergency vehicle with properly operating warning devices may proceed past a red or stop signal or stop sign after slowing down as may be necessary for safe operation (MCLA 257.603).

3. AUTOMOBILES—EMERGENCY VEHICLES—RIGHT OF WAY.

Drivers of all other vehicles must yield right of way to an approaching emergency vehicle with properly operating warning devices.

4. AUTOMOBILES—EMERGENCY VEHICLES—NEGLIGENCE—QUESTION OF FACT.

Submitting an automobile negligence case to the jury on the questions of negligence of both drivers was proper where there were questions of fact (1) whether the driver of an ambulance proceeding through a red light after waiting for one car coming from his left should have looked to his right again and seen another car with which he collided, and (2) whether the driver of the car which collided with the ambulance should have seen its oscillating light and heard its siren in time to avoid the collision.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 332, 347–349.

57 Am Jur 2d, Negligence §§ 6, 7, 9.

[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 212, 357, 358.

8 Am Jur 2d, Automobiles and Highway Traffic §§ 754–757.

[2–4] Liability for personal injury or property damage from operation of ambulance, 84 ALR2d 121.

[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 206.

[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1002, 1005, 1013.

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 June 8, 1972, at Grand Rapids. (Docket No. 12573.) Decided July 31, 1972.

Complaint by Sylvester Keevis against John P. Tookey, Kenneth F. Krueger, and the Village of Mackinaw City, for damages resulting from an automobile accident. Judgment for defendants. Plaintiff appeals. Affirmed.

*Donley, Walz, Fershee & Jordan,* for plaintiff.

*Boyce, Yahne & Wenzel,* for defendant John P. Tookey.

*Clare L. Gillett,* for defendants Kenneth F. Krueger and the Village of Mackinaw City.

Before: R. B. BURNS, P. J., and LEVIN and TAR-GONSKI,* JJ.

PER CURIAM. Plaintiff, Sylvester Keevis, was injured when an ambulance, owned by defendant the Village of Mackinaw City and being driven by defendant Kenneth Floyd Krueger, in which plaintiff Keevis was riding as a passenger, was struck by an automobile being driven by John Preston Tookey who was also named as a defendant when this action was commenced. Subsequently, Tookey died, not as a result of injuries suffered in the collision, and the personal representative of his estate was substituted as a defendant.

The ambulance was proceeding with its siren and oscillating light in operation. The collision occurred at an intersection when Krueger, the driver of the ambulance, proceeded through a red

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

light and struck the Tookey automobile which was proceeding on the intersecting street from Krueger's right.

Before the collision, Krueger had slowed at the red light almost to a stop—partway through the intersection—to permit another automobile also traveling on the intersecting street, coming from Krueger's left, to complete a left-hand turn in front of him. Krueger then started up to proceed through the intersection and, almost immediately, hit the Tookey automobile (coming from Krueger's right) broadside.

Krueger said he looked to the right and then to the left before he slowed almost to a stop to permit the automobile coming from his left to complete the turn in front of him. He said he did not see anything to the right within "at least 660 feet. You could see down that way for two blocks". He said he started up again within seven seconds of the time he looked to the right. He conceded that he did not look again to his right before starting up again after the other vehicle (coming from his left) had completed the turn.

Tookey told an officer at the scene that he did not see or hear anything until just before the impact, when he heard the ambulance siren.

The jury's verdict was no cause of action in favor of all defendants.

Plaintiff Keevis claims that the trial judge erred in refusing to instruct the jurors that both Krueger and Tookey, or at least Krueger, were negligent as a matter of law, thereby limiting the jury to the issues of causation and damages.

In our opinion the trial judge properly concluded that the questions of whether in the exercise of due care:

(1) Krueger should again have looked to the

right and seen the Tookey automobile before proceeding through the intersection, and

(2) Tookey should have seen and heard the oscillating light and the siren and the ambulance, were questions for the jurors to resolve in applying the law's standard of conduct to the facts of this case.

The issue of negligence is primarily a matter for the trier of fact. A directed verdict is only proper where, considering all the evidence in the light most favorable to the party against whom the verdict is sought, all reasonable men would agree that the moving party should prevail.[1]

In this case Krueger, as the operator of an emergency vehicle, was favored by a statute providing that: "The driver of an authorized emergency vehicle may: * * * 2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation". MCLA 257.603(c); MSA 9.2303(c). Krueger's testimony was that he proceeded to the center of the intersection at a slow pace with siren and oscillating light operating. He was also favored by a statutory right of way over all other vehicles. MCLA 257.653; MSA 9.2353. We cannot then say that he was guilty of negligence as a matter of law by continuing through the remainder of the intersection without again glancing to his right. The cases cited by plaintiff are all distinguishable.[2]

---

[1] See *Ingram v Henry,* 373 Mich 453, 455 (1964); *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223, 229 (1963).

[2] Plaintiff relies on *Kalamazoo v Priest,* 331 Mich 43, 48 (1951). In that case the driver of the emergency vehicle proceeded into the intersection at 25–30 miles per hour "without observing or giving any heed to oncoming traffic on the intersecting through street". Contrast *Eggebeen v Red Top Cab Co,* 334 Mich 490 (1952), where there was testimony that an ambulance driver slowed to 10–15 miles per hour before entering the intersection, but struck a cab which had accelerated from the cross street as the traffic light changed, and where the ambulance driver was found not guilty of negligence.

Tookey was, of course, under a statutory duty to yield the right of way to Krueger's emergency vehicle. MCLA 257.653; MSA 9.2353. This duty is qualified by explicit statutory language[3] and by judicial construction. We think that the correct expression of Tookey's statutory duty can be found in *City of Lansing v Hathaway,* 280 Mich 87, 89 (1937), where the Michigan Supreme Court said:

"Defendant had a right, under permission of the green light, to cross the intersection unless, by the reasonable exercise of the senses of sight and hearing, he should have noticed or heard warning to the contrary."

The jury might have found, in light of statements attributed to Tookey and Krueger and the description of the scene, that Tookey did not in fact have and should not have had notice of the approach of the ambulance in time to avoid the collision.[4] Once again, these are matters for the trier of fact to determine.

In a word, *all* reasonable men would not have agreed that Krueger should have looked again or that Tookey should have seen Krueger's ambulance. The trial court did not err in submitting the case to the jurors for their consideration and determination.[5]

Affirmed.

---

[3] "This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway." MCLA 257.653(b); MSA 9.2353(b).

[4] Tookey's view may have been impeded by cars in a parking lot at the intersection. The accident occurred at midnight. Sirens do not blast continuously; they wail on *and off.*

[5] Plaintiff's reliance on *Holser v Midland,* 330 Mich 581, 593, 598 (1951), is not well placed. There the Court concluded that the testimony of a number of witnesses established an undeniable inference that plaintiff in that case ought to have heard the siren of the fire engine with which he collided. In the instant case, the only witnesses testifying as to the warning provided by the light and siren of the ambulance were those riding inside it.